In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00439-CV


____________________



IN RE BNSF RAILWAY COMPANY 


 




Original Proceeding






MEMORANDUM OPINION



 BNSF Railway Company ("BNSF") filed a petition for a writ of mandamus to compel
the trial court to vacate its order compelling production of documents in a suit filed pursuant
to the Federal Employers' Liability Act ("FELA"). (1) In a single issue, BNSF argues the trial
court abused its discretion by ordering BNSF to respond to discovery requests on matters not
relevant to the subject matter of the suit, by ordering BNSF to produce documents that are
not in its possession, and in ordering BNSF to produce documents that are undiscoverable
by statute. We conditionally grant the petition.

 The real party in interest, Charles Simmons, alleges that during the course of his
employment as a conductor with BNSF he "suffered a repetitive trauma injury to his hands,
arms, shoulders, back and neck and other parts of his body." On February 12, 2009, the trial
court ordered BNSF to produce a list showing the number of injuries, claims, and lawsuits
filed by conductors alleging cumulative/repetitive trauma injuries to the shoulders, arms, and
hands for the previous ten years. On September 16, 2009, the trial court compelled BNSF
to produce the following:

 1. Copies of any and all reports, memoranda, letters, summaries,
findings, data, audio recordings, video recordings, computer files, computer
simulations, studies, programs, inquiries, requests for information, reports,
minutes, and/or other recorded data, from whatever source derived, regarding
or relating to ergonomics, cumulative trauma and/or repetitive stress injuries
to the shoulders, arms, and/or hands of conductors.


 2. Any and all documents, memoranda, summaries, compilations,
categorical reviews, findings, data, audio recordings, video recordings,
computer files or other recorded data filed with Defendant and/or completed
by any employee(s) of Defendant over the last ten (10) years, including but not
limited to, accident forms containing information regarding any repetitive
and/or cumulative trauma injuries to the shoulders, arms[,] [a]nd/or hands
suffered by any Conductor over the last ten (10) years, treatment for any
repetitive and/or cumulative trauma suffered by any Conductors over the last
ten (10) years and/or time taken off work for any repetitive and/or cumulative
trauma to [the] shoulders, arms[,] and/or hands suffered by any Conductors
over the last ten (10) years.


 3. Any and all documents, reports, memoranda, summaries, findings,
data, audio recordings, video recordings, computer files, computer simulations
and/or other recorded data regarding any and all ergonomic studies of the
railroad work place, specifically including any and all tasks affecting a railroad
worker's shoulders, arms and/or hands. This request includes any and all
reports, memoranda, summaries, findings, data[,] audio recordings, video
recordings, computer files, computer simulations and/or other recorded data
in the possession of Defendant and/or any organization to which Defendant is
associated, including but not limited to the Association of American Railroads.


 4. Any and all data and/or statistics pertaining to the number of
injuries, claims, and lawsuits brought and/or filed against Defendant by
Conductors alleging cumulative/repetitive trauma injuries to the shoulders,
arms and/or hands, including the names of the parties, court and case number
for the last ten (10) years.


 5. All photographs, videotapes, or movies relevant to this lawsuit,
including but not limited to, any photographs of the equipment, tools, and/or
other devices used by Plaintiff as well as any movies, video tapes, motion
pictures, and/or photographs taken of the Plaintiff at any time based on the
alleged occurrence made the basis of this suit or any other matter relevant to
this lawsuit.


 "Mandamus relief is appropriate only if a trial court abuses its discretion[,] and there
is no adequate appellate remedy." In re CSX Corp., 124 S.W.3d 149, 151 (Tex. 2003). 
Although the scope of discovery is generally within the trial court's discretion, the trial court
"must make an effort to impose reasonable discovery limits." Id. at 152. "The trial court
abuses its discretion by ordering discovery that exceeds that permitted by the rules of
procedure." Id. Requests for discovery "must show a reasonable expectation of obtaining
information that will aid the dispute's resolution" and therefore "must be 'reasonably
tailored' to include only relevant matters." Id. (quoting In re Am. Optical Corp., 988 S.W.2d
711, 713 (Tex. 1998)). Because the trial court may compel discovery only on matters that
are relevant to the subject matter of the pending action, we place the burden on the discovery
proponent to show that the requested discovery is within the scope of permissible discovery. 
In re TIG Ins. Co., 172 S.W.3d 160, 168 (Tex. App.--Beaumont 2005, orig. proceeding).

 The discovery requests at issue in this case are not sufficiently specific regarding the 
documents being requested. The first request for production identifies "any and all" of a vast
variety of different sorts of information "from whatever source derived" both "regarding or
relating to" either "ergonomics", "cumulative trauma" or "repetitive stress injuries to the
shoulders, arms, and/or hands of conductors." The request for documents regarding or
relating to repetitive stress injuries is limited to "the shoulders, arms, and/or hands of
conductors" but it is not clear that the request for "ergonomics" is so limited, nor is the
request limited to injuries sustained in moving rail cars. The request for production of
documents contains no geographical limitation, no limitation as to time period, and no
limitation as to source. At the hearing on the motion to compel, counsel for Simmons
claimed the first request for production was "specific about the job type" and "what area of
the body" and, while conceding the request contained no time limitation, suggested "[i]f they
want to put it at 10 years, that's fine by me." Simmons did not amend his requests for
productions, however, and the order the trial court signed two days after the hearing did not
limit the scope of any of the requests.

 Similar defects plague the second request for production. Here, Simmons asks for
information spanning a ten-year period, but the request contains no geographical limitation. 
Simmons requests "[a]ny and all" of a wide variety of information and media either "filed
with" the railroad or "completed" by any railroad employee over the last ten years, "including
but not limited to[,]" "accident forms." Rather than request an identifiable universe of
documents, the requests describes an amorphous body of information that includes not only
records of accidents but also "injuries" and "treatment" and "time taken off work."

 In addition to the absence of any limits on time or geographic scope, the third request
for production mentions "any and all tasks affecting a railroad worker's shoulders, arms
and/or hands" as part of a non-exclusive list request for "any and all" information "regarding
any and all ergonomic studies of the railroad work place." This request is not even limited
to BNSF or to persons under its control, as the request requires production from "any
organization" with which the railroad is "associated", "including but not limited to" the
"Association of American Railroads."

 The fourth request for production is limited to a ten-year period but requests "[a]ny
and all" "data" or "statistics" "pertaining to the number of injuries, claims, and lawsuits"
either "brought" or "filed" against BNSF by "Conductors alleging cumulative/repetitive
trauma injuries to the shoulders, arms and/or hands." Again there is no geographical limit
on the scope of the request, nor is the request limited to information generated by BNSF.

 The fifth request for production suffers from a similar lack of precision. The request
requires BNSF to determine what "photographs, videotapes, or movies" in its possession are
"relevant to this lawsuit" "including but not limited to" photographs of the "equipment",
"tools" or "other devices used by Plaintiff."

 A discovery order that compels overly broad discovery is an abuse of discretion for
which mandamus is the proper remedy. Dillard Dep't Stores, Inc. v. Hall, 909 S.W.2d 491,
492 (Tex. 1995). Simmons propounded discovery requests that failed to describe with
reasonable particularity each item and category requested. See Tex. R. Civ. P. 196.1(b). 
BNSF complained that the requests for production were overly broad as a matter of law. The
trial court had two choices: (1) narrowly tailor the requests; or (2) sustain BNSF's objections. 
See In re Mallinckrodt, Inc., 262 S.W.3d 469, 474 (Tex. App.--Beaumont 2008, orig.
proceeding). The trial court abused its discretion by compelling BNSF to respond to
discovery requests that are not narrowly tailored "to avoid including tenuous information and
still obtain the necessary, pertinent information." In re CSX, 124 S.W.3d at 153.

 Simmons argues that BNSF is not entitled to relief because BNSF did not submit
proof that the requested discovery is irrelevant or burdensome. Because "[o]verbroad
requests for irrelevant information are improper whether they are burdensome or not," BNSF
was not required to detail what the requests might encompass. In re Allstate County Mut. Ins.
Co., 227 S.W.3d 667, 670 (Tex. 2007).

 The trial court abused its discretion in ordering BNSF to comply with requests for
production that are overly broad on their face as a matter of law. We conditionally grant the
petition for writ of mandamus. (2) We are confident the trial court will vacate its order
compelling production of documents and proceed in compliance with this opinion. The writ
will issue only if the trial court fails to take appropriate action in accordance with this
opinion.

 PETITION CONDITIONALLY GRANTED.


 PER CURIAM



Submitted on October 16, 2009

Opinion Delivered December 31, 2009


Before McKeithen, C.J., Kreger and Horton, JJ.
1. See 45 U.S.C.A. §§ 51-60 (West 1986 & Supp. 2009).
2. We do not reach the alternative arguments raised in BNSF's petition.