**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 30, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00934-CV

## IN RE SJ MEDICAL CENTER, L.L.C. d/b/a ST. JOSEPH MEDICAL CENTER, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Probate Court No. 2**
**Harris County, Texas**
**Trial Court Cause No. 390,957-401**

## MEMORANDUM OPINION

On October 10, 2012, relator SJ Medical Center, L.L.C. d/b/a St. Joseph Medical Center filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Mike Wood, presiding judge of the Probate Court No. 2 of Harris County, to vacate his September 27, 2012, order compelling the deposition of John F. Kapacinskas, relator's former attorney.[1] Relator also filed an emergency motion to stay the deposition. *See* Tex. R. App. P. 52.10. After requesting and receiving a response to the motion, the court denied the stay.

---

[1] Relator asserts that Kapacinskas "has ceased to be actively engaged in the defense and administration of this case since he moved to Minneapolis, Minnesota on May 28, 2011."

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992).

The determination of discoverability is a matter within the trial court's discretion. *See id.* (citing *Flores v. Fourth Court of Appeals,* 777 S.W.2d 38, 41 (Tex. 1989)). Therefore, to be entitled to relief, relator must establish that the trial court could reasonably have reached only one decision. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1995). The real parties in interest moved to compel Kapacinskas's deposition to obtain testimony about conversations between Kapacinskas and the attorney for another defendant in which they allege witness tampering.[2] *See* Tex. Penal Code § 36.05(a). The real parties cited the record from a hearing where it was alleged that during these conversations, Kapacinskas attempted to coerce the other defendant to testify falsely by threatening to reveal confidential information.

---

[2] Because the deposition does not seek to discover information about communications between an attorney and his client, the attorney-client privilege is not implicated. *See* Tex. R. Evid. 503(b) (stating that the attorney-client privilege applies only to communications intended to be confidential between the attorney and the client and made for the purpose of facilitating the rendition of legal services for the client). The real parties advised the court that they do not intend to inquire about "defense strategy" or privileged communications. Moreover, the court ordered the deposition taken in the courtroom "in case there were issues" so that any objections to privileged matters could be addressed. To the extent that relator seeks limitations on the scope of the deposition, we deny the requested relief because relator has not shown that the request was presented to the trial court. Mandamus is not available to compel an action that has not first been demanded and refused. *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding).

An order compeling discovery of information that is not relevant to the dispute is an abuse of discretion for which mandamus is the proper remedy. *See In re Allstate Cty. Mut. Ins. Co.,* 227 S.W.3d 667, 668-69 (Tex. 2007). The rules governing discovery do not require as a prerequisite to discovery that the information sought be admissible evidence; it is enough that the information appears reasonably calculated to lead to the discovery of admissible evidence. *See* Tex. R. Civ. P. 192.3(a); *see also* Tex. R. Evid. 401 (defining "relevant evidence" as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Relator has failed to establish that the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

The burden to establish an abuse of discretion is on the party resisting discovery, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003). We conclude that relator has not met its burden.

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Brown and Busby.