In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00132-CV

_____

IN RE R.C.K.

MEMORANDUM OPINION

In this mandamus proceeding, Relator R.C.K. (Husband), contends the 317th District Court of Jefferson County abused its discretion in making certain discovery orders in a divorce suit where Husband is a practicing physician and the division of the marital estate is an issue. We granted a temporary stay of the production of the records and requested a response from the Real Party in Interest, N.L.K. (Wife). After reviewing the mandamus petition, the amended mandamus petition, the objections and responses, and all other appellate filings of both

1

parties,[1] we conclude that the discovery requests relating to R.C.K.'s personnel, medical, and pharmacy records are overly broad and that the trial court erred in ordering the production of the documents. We also conclude the trial court erred by ordering the third party production of cell phone logs that contain protected health information. We conclude the remaining complaints made by R.C.K. are premature. Accordingly, we conditionally grant partial relief.

Arguments of the Parties

R.C.K. argues that the trial court abused its discretion by: (1) denying R.C.K.'s motion for a protective order regarding R.C.K.'s personnel, medical, and pharmacy records; (2) denying R.C.K.'s motion for a confidentiality order regarding his personnel, medical, and pharmacy records; (3) indicating an intention to order R.C.K. to turn over the cell phone he uses for personal and business communication, which contains his patients' confidential and privileged protected health information (PHI), to the opposing party's forensic examiner; (4) denying R.C.K.'s motion for a protective order regarding his cell phone logs from a cell phone provider; (5) denying R.C.K.'s request to inspect the cell phone logs *in*

---

[1] We do not consider [Relator's Appendix Exhibit AD] attached to Relator's Brief filed in support of the Amended Petition for Mandamus because, the affidavit was not part of the record presented to the trial court below. *See Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding).

2

*camera*; and (6) failing to grant R.C.K.'s motion to compel production of documents from N.L.K.

N.L.K. argues that: (1) she seeks evidence that is relevant to support her pleadings for a disproportionate division of the marital estate; (2) her requests are not overbroad but include only matters relevant to property division issues; (3) it is proper to order *in camera* review of R.C.K.'s medical and pharmacy records and the cell phone data and logs; (4) a litigation exception to state and federal patient privacy laws provides the trial court with authority to order the disclosure of the PHI of R.C.K.'s patients; (5) the cell phone call logs do not contain PHI or privileged communications; (6) evidence of adultery is not protected by privacy laws; and (7) the trial court has not abused its discretion by not ruling on R.C.K.'s motion to compel.

## The Mandamus Standard

Mandamus will issue only when the petition and record establish a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts in an arbitrary or unreasonable

3

manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). "[An] order that compels overly broad discovery 'well outside the bounds of proper discovery' is an abuse of discretion for which mandamus is the proper remedy." *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding). Also, "appeal is inadequate when a trial court erroneously orders the production of confidential information or privileged documents." *In re Ford Motor Co.*, 211 S.W.3d 295, 298 (Tex. 2006) (orig. proceeding). There is no adequate remedy by appeal when an appellate court cannot remedy a trial court's discovery error. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding).

Discovery Rules and Principles

Texas Rule of Civil Procedure 192.3 permits a party to "obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Tex. R. Civ. P. 192.3(a). Requests for production must be "reasonably tailored to include only matters relevant to the case." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). "A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous

information and still obtain the necessary, pertinent information." *In re CSX Corp.*, 124 S.W.3d 149, 153 (Tex. 2003) (orig. proceeding). "Overbroad requests for irrelevant information are improper whether they are burdensome or not[.]" *In re Allstate Cty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding). "It is the discovery proponent's burden to demonstrate that the requested documents fall within the scope-of-discovery of Rule 192.3." *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex. App.—Beaumont 2005, orig. proceeding).

Personnel, Medical, and Pharmacy Records

N.L.K. served notices of the intention to obtain documents from certain non-parties through Depositions upon Written Questions wherein she sought R.C.K.'s complete medical and pharmacy records, regardless of date, and R.C.K.'s personnel file from his employer. *See generally* Tex. R. Civ. P. 200.1. The trial court denied R.C.K.'s motion for protective order after a hearing. *See generally* Tex. R. Civ. P. 192.6.

N.L.K. argued to the trial court that R.C.K. lacked standing to object to the production by third parties of R.C.K.'s own medical records. The trial court agreed with N.L.K. and indicated on the record that the court was overruling R.C.K.'s motion for a protective order concerning R.C.K.'s medical records because R.C.K. lacked standing to object to the production of the records. We disagree. R.C.K. is a

5

"person affected by the discovery request[ ]" and therefore he possesses a right to seek the trial court's protection from the discovery sought. *See* Tex. R. Civ. P. 192.6(a). Furthermore, any party may object to the direct questions to be propounded to a witness in a deposition on written questions. *See* Tex. R. Civ. P. 200.3(b).

R.C.K. complained that N.L.K. requested all of R.C.K.'s medical and pharmacy records, not just those that might in some manner lead to admissible evidence, and that the requests amounted to nothing more than a fishing expedition. N.L.K. argued that her request for R.C.K.'s medical records was not a fishing expedition because N.L.K. was already aware of "some situations contained therein" that would relate to N.L.K.'s counter-suit in the divorce. In N.L.K.'s response to the petition for writ of mandamus, N.L.K. suggests that R.C.K.'s records might reveal evidence of health conditions that the trial court could consider in the division of marital property. We agree with R.C.K. that the request for R.C.K.'s complete medical and pharmacy records was facially overbroad because it was not tailored to include *only* evidence relevant to the case. *See In re GMAC Direct Ins. Co.*, No. 09-10-00493-CV, 2010 WL 5550672, at *2 (Tex. App.—Beaumont Dec. 30, 2010, orig. proceeding) (mem. op.). A trial court abuses its discretion when it orders compliance with overly broad discovery.

6

Likewise, N.L.K.'s request to R.C.K.'s employer for R.C.K.'s personnel file is also overbroad. N.L.K. suggested that there might have been disciplinary actions in the employment file that may relate to her claim that she is entitled to an unequal distribution of the marital estate. N.L.K.'s request is not narrowly tailored to items relevant to the case. *Id.* We conclude the trial court abused its discretion by denying R.C.K.'s motion for a protective order relating to the requests to third parties regarding R.C.K.'s medical, pharmacy, and personnel records.

## Request for Confidentiality Order

In his mandamus petition, R.C.K. complains that the trial court misconstrued his motion for a confidentiality order as a request to seal the record under Rule 76a.[2] The mandamus record includes the trial court's order denying the motion and a brief discussion of R.C.K.'s motion for a confidentiality order in the hearing before the trial court, but R.C.K.'s motion was omitted from the mandamus record. It is the relator's burden to provide a sufficient record to establish that he is entitled to relief. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig.

---

[2] From the discussion in the hearing before the trial court, it appears Robert was asking the trial court to limit the use of documents produced in discovery to this case. Nancy argued that Robert was asking for his records to be sealed without complying with Rule 76a. Rule 76a does not apply to a Family Code case, to documents filed *in camera* for the purpose of obtaining a ruling on their discoverability, or to documents to which access is otherwise restricted by law. *See* Tex. R. Civ. P. 76a(2). The trial court may order that the results of discovery be sealed or otherwise protected. *See* Tex. R. Civ. P. 192.6(b)(5).

proceeding). We cannot determine whether the trial court properly addressed R.C.K.'s motion because it is not included in the mandamus record. Furthermore, we need not address R.C.K.'s complaints regarding the confidentiality order because the discovery ordered by the trial court exceeds the proper scope of discovery. *See In re Xeller*, 6 S.W.3d 618, 626-27 (Tex. App.—Houston [14th Dist.] 1999) (orig. proceeding).

Production of Cell Phone

R.C.K. also sought a protective order regarding the cell phone that is owned by R.C.K.'s employer and used by R.C.K. for both personal and business communication with other healthcare providers, staff, and patients of the medical practice. In his petition, R.C.K. argues that subjecting the cell phone to a forensic examination by N.L.K.'s expert would violate the guiding rules and principles established for discovery of electronic information, as well as the physician-patient privilege, and privacy laws. *See In re Weekley Homes, L.P.,* 295 S.W.3d 309, 322 (Tex. 2009) (summarizing the proper procedures for discovery of electronic materials). However, in his reply to N.L.K.'s response, R.C.K. concedes the trial court has not yet ruled on whether the phone should be turned over to a forensic examiner and he states the issue is not currently before this Court. Accordingly, we

express no opinion regarding the production and forensic examination of the cell phone and the cell phone data.

## Production of Cell Phone Call and Text Logs

The trial court also denied R.C.K.'s motion for a protective order and ordered that the medical practice's cell phone provider produce "any and all text message logs for incoming and outgoing [texts] and any and all phone call logs for incoming and outgoing calls from January 1, 2013" for the cell phone that R.C.K. uses for personal and professional communication, including communications with his patients in his medical practice. The trial court ordered AT&T to produce any and all text message logs and any and all phone call logs for incoming and outgoing texts and calls. The trial court's order does not allow R.C.K. to make a privilege log and does not allow R.C.K. to have the objectionable items ruled upon, and responsive information inspected *in camera* before it is released to N.L.K.

In his motion, R.C.K. complained the cell phone logs disclosed his patients' PHI when N.L.K. was seeking information relating to communication with a particular person already known to her. R.C.K. complained that N.L.K.'s discovery request was a fishing expedition. In the hearings, N.L.K. repeatedly argued to the trial court that she is not seeking information about R.C.K.'s patients, and she

9

represented to the trial court that she was looking for the phone numbers of particular people known to her.

In her response to R.C.K.'s mandamus petition, N.L.K. argues that the cell phone logs "do not carry the same issues of PHI and therefore would not require an *in camera* inspection by the trial court." To support her argument, N.L.K. refers this Court to the federal agency's posted guidance, which describes PHI, in part, as follows:

> The relationship with health information is fundamental. Identifying information alone, such as personal names, residential addresses, or phone numbers, would not necessarily be designated as PHI. For instance, if such information was reported as part of a publicly accessible data source, such as a phone book, then this information would not be PHI because it is not related to [health] data (see above). If such information was listed with health condition, health care provision or payment data, such as an indication that the individual was treated at a certain clinic, then this information would be PHI.

Protected Health Information, U.S. Dept. of Health and Human Services, http://www.hhs.gov/hipaa/for-professionals/privacy/special-topics/de-dentification/index.html (last visited May 31, 2016). N.L.K. argues a telephone number would not constitute PHI because it is not sufficiently related to health data. We disagree. It is undisputed that R.C.K. uses the cell phone to communicate with his patients concerning their medical care. Text messages and telephone numbers contained in the call and text logs of the cell phone that relate to

communications with or about patients would constitute PHI. *See id.* ("If such information was listed with . . . an indication that the individual was treated at a certain clinic, then this information would be PHI."). We conclude the trial court erred in ordering the production of PHI.

The incoming and outgoing calls and texts for R.C.K.'s patients or relating to PHI fall outside the scope of discovery because they lack any relevance with regard to the issue in the case. *See TIG Ins. Co.*, 172 S.W.3d at 164 ("Requests must be tailored to include only matters relevant to the case."); *Xeller*, 6 S.W.3d at 626; *see also* Tex. R. Civ. P. 192.3(a). The trial court abused its discretion in ordering the production of the documents because the request was overly broad. *See GMAC Direct Ins. Co.*, 2010 WL 5550672, at *2.

Ruling on Motion to Compel

R.C.K. contends the trial court "effectively" denied his motion to compel N.L.K. to respond to his requests for production. R.C.K. presented his motion to the trial court but the trial court deferred a ruling. R.C.K. complains that not ruling on his motion to compel is the equivalent of denying it, but he has not shown that he renewed his request after the additional time granted by the trial court expired. R.C.K. has not shown that the trial court explicitly refused to act on his motion to compel. *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (orig.

11

proceeding). R.C.K. has not shown that the trial court abused its discretion by delaying its ruling on his motion to compel.

## Conclusion

In summary, we hold that the discovery requests requiring non-parties to produce R.C.K.'s personnel record, medical records, pharmacy records, and cell phone logs are overly broad and that the trial court abused its discretion by failing to grant the protective order. We conditionally grant mandamus relief in part, and we lift our stay of the proceedings in the trial court. We are confident that the trial court will withdraw its order denying the motion for protection and its order requiring the production of the relator's medical records, pharmacy records, personnel record and cell phone logs. The writ shall issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED IN PART.

PER CURIAM

Submitted on May 25, 2016
Opinion Delivered June 9, 2016

Before McKeithen, C.J., Kreger and Johnson, JJ.