**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00159-CV**
_____

**IN RE JAY MANAGEMENT COMPANY, LLC**

**Original Proceeding**
**253rd District Court of Liberty County, Texas**
**Trial Cause No. CV1307335**

**MEMORANDUM OPINION**

Jay Management Company, LLC, Relator, seeks mandamus relief from the trial court's order denying Relator's motion to quash and the trial court's order compelling Jay Management to produce a corporate representative for deposition and subpoena duces tecum in a tax appraisal suit between Joe Alfred Izen, Jr. and the Liberty County Appraisal District ("LCAD") concerning tax years 2013, 2014 and 2018. Jay Management is not a party to the underlying lawsuit between Izen and LCAD. In the underlying suit, Izen challenges the assessed value of the surface estate

1

of his land that is part of certain oil and gas leases located in Liberty County, Texas. Izen does not own the mineral estate. Izen contends that Jay Management is the operator under the oil and gas leases and that the operator, Jay Management, is familiar with the pipelines and other oil and gas facilities that Izen contends limit the use of the surface estate and reduce the value of the surface estate. Izen's pleadings allege that the fair market value of his property for the 2013 and 2014 tax years was $305,270.00 and the Liberty County Appraisal Review Board ("LCARB") over-assessed the property by $76,970 in those tax years.[1]

Izen seeks discovery from Jay Management, a non-party to his underlying suit. Jay Management complains that, except for documents reflecting the location of pipelines running through the subject property in the tax years at issue, none of the requested documents are relevant to the tax appraisal dispute and the requests are not reasonably calculated to lead to the discovery of relevant and admissible evidence. Jay Management further complains that documents reflecting the location of pipelines on the subject property, although potentially relevant to analyzing the "pipeline adjustment" applied to the appraised value of Izen's property, are

---

[1] For tax year 2018, Izen petitioned the trial court for mandamus relief compelling LCAD to proceed with a hearing on Izen's notice of protest, which Izen alleges was wrongfully refused as untimely. The value of the property for tax year 2018 is presently not at issue in the lawsuit.

cumulative and duplicative of documents previously produced by Jay Management or LCAD and are obtainable from publicly available sources and a simple inspection of Izen's property. We conditionally grant mandamus relief.

In response to Izen's requests for production, LCAD provided copies of the documents it (or the appraisal review board) relied upon in 2009 to calculate a 20% pipeline adjustment based upon pipeline easements covering approximately three percent of Izen's property in the Kokernot Survey. In addition to the discovery sought from LCAD, the opposing party in the lawsuit, Izen sought non-party discovery from Jay Management. *See generally* Tex. R. Civ. P. 205.1. Izen's subpoena required Jay Management to produce the following documents:

1. All maps, drawings, surveys, and any photographs, or analog or digital images depicting and/or displaying the location of all of the following owned, operated, and/or maintained by Jay Management Company, LLC located on the [subject property] from 1980 to the current date including, but not limited to, the following:
a. Transmission pipelines
b. Storage tanks
c. Pumps
d. Gathering pipelines transporting or gathering ongoing mineral production
e. Gathering or transmission pipelines which are abandoned and/or inactive, but were once operated by Jay Management Company, LLC from 1980 or the current date.
f. Well heads
g. Producing wells including those producing oil, gas, and/or a combination/distillate.

h. Abandoned wells once operated by Jay Management Company, LLC, its predecessors in title or lease, or any other entities from 1980 to the current date.

i. All abandoned wells located on the [subject property] known to Jay Management Company, LLC.

2. All photographs, or images of any kind, whether analog, digital and/or electronic, or taken and/or preserved by any other means, which display or provide the location of any pipelines, well heads, wells, storage tanks, transmission lines, power equipment, pumps, or any other equipment placed on or under the surface of the [subject property] by Jay Management Company, LLC and its predecessors in title or lease or operated and maintained on the [subject property] by Jay Management Company, LLC from 1980 to the current date.

3. All proof of production and financial payment for production of all oil, gas, and other minerals, which Jay Management Company, LLC claims it produces from wells on the [subject property] from 1980 to the current date providing the amount, date, and time or times of such production as well as the source/location.

4. With respect to Requested item No. 3 above, all financial proof that the oil and gas or other minerals allegedly produced by Jay Management Company, LLC from 1980 to the current date from any of the wells on or under the [subject property] allegedly operated by Jay Management Company, LLC was in "paying quantity."

5. Proof in any photographic, written, digital, electronic, or other form, of the location and existence of any "abandoned" wells on the [subject property] and/or wells which have not produced oil, gas, or other minerals, in paying quantity for a consecutive period of 18 months from 1980 to the current date.

6. All documents containing the wording of any mineral easements or other easements which Jay Management Company, LLC claims it owns on the [subject property].

7. All documents and writings setting out the terms of any mineral easements allegedly held by Jay Management Company, LLC which encumber the [subject property] or which diminish the rights or ability of the surface owner to use the surface of the [subject property].

8. All mineral leases under which Jay Management Company, LLC claims any rights on or under the surface of the [subject property].

Izen's list of topics for the corporate representative's deposition included the following:

1. The mineral production and exploration as well as the transporting of minerals including oil and gas products by Jay Management, LLC or its predecessors in title or lease from 1980 through the date of the service of this Notice of Deposition in, on, or under, the surface of the [subject property].

2. All maps, drawings, surveys, and any photographs, or analog or digital images depicting and/or displaying the location of all of the following items owned and/or maintained by Jay Management Company, LLC located on the [subject property] from 1980 to the current date including, but not limited to, the following:
a. Transmission pipelines
b. Storage tanks
c. Pumps
d. Gathering pipelines transporting or gathering ongoing mineral production
e. Gathering or transmission pipelines which are abandoned and/or inactive, but were once operated by Jay Management Company, LLC from 1980 or the current date.
f. Well heads
g. Producing wells including those producing oil, gas, or combination/distillate.
h. Abandoned wells once operated by Jay Management Company, LLC, its predecessors in title or lease, or any other entities from 1980 to the current date.

i. All abandoned wells located on the [subject property] known to Jay Management Company, LLC.

3. The actual mineral production produced by Jay Management Company, LLC in, out of, or on, the [subject property] from 1980 to the current date.

4. The maintenance by Jay Management Company, LLC of any alleged mineral easements located on the [subject property] from 1980 to the current date.

5. The location, and identification, of all mineral easements by dimension, size, description, and location, in or on the surface of the [subject property] claimed by Jay Management Company, LLC from 1980 to the current date.

6. Safety precautions and procedures which Jay Management Company, LLC has taken or followed to prevent risk of harm, damage, and/or personal injury from Jay Management Company, LLC's mineral production, exploration, or transmission activities on or under the [subject property] from 1980 to the current date.

7. The dollar amount, volume, value, and other financial information concerning any mineral production which Jay Management Company, LLC claims it produced from any wells on the [subject property] from 1980 to the current date.

Jay Management timely objected to the subpoena and argued that the requested discovery was overbroad, unduly burdensome, irrelevant to the tax appraisal dispute, and discoverable from physical inspection of Izen's property and from public records. In a motion to compel, Izen argued Jay Management's operations and the location of its pipelines and equipment affected the assessed tax value of Izen's property for tax years 2013, 2014 and 2018. Izen asserted Jay

6

Management's operations prevented any use of the surface in the tax years at issue. He argued the case presents a fact issue regarding whether LCAD properly considered all pipelines and equipment when it calculated the pipeline adjustment. The trial court ordered Jay Management to produce a representative to be deposed and to produce documents related to the operation of the leases from 2006 to the present, as opposed to the period of 1980 to the present, as originally requested by Izen.

Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). "Mandamus relief is available when the trial court compels production beyond the permissible bounds of discovery." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding) (citation omitted). "If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist." *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (citations omitted).

"The scope of discovery is largely within the discretion of the trial court." *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding). The Texas Rules of Civil Procedure provide for discovery of "any matter that is not privileged and is relevant to the subject matter of the pending action[.]" Tex. R. Civ. P. 192.3(a). However, "discovery requests must be reasonably tailored to include only matters relevant to the case." *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180 (Tex. 1999) (orig. proceeding) (citations omitted). "Overbroad requests for irrelevant information are improper whether they are burdensome or not[.]" *In Re Allstate Cty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding) (citations omitted). Limits on time and location will not render irrelevant information discoverable. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488–89 (Tex. 2014) (orig. proceeding).

Because this is a tax dispute between a surface estate owner and the taxing entity for certain tax years, the market value of the property is at issue for the challenged tax years. *See* Tex. Tax Code Ann. § 23.01(a) (West Supp. 2018). Izen argues that Jay Management's surface and underground equipment is relevant to the property valuation because it limits and diminishes the highest and best use of the surface, but LCAD assessed the property in question as unimproved nonagricultural land. The operations Jay Management conducts, its production data, financial data,

8

mineral leases, maintenance, safety policies, and the income Jay Management realizes from its operations on Izen's property has no relation to the taxable value of the surface estate that has been taxed as unimproved property. There is no evidence in the mandamus record that LCAD increased the value of the property in 2013 and 2014 due to any improvements or activity by Jay Management.

Izen argues that because LCAD applied a 20% reduction to his property's fair market value for pipelines on the property, then Jay Management's mineral exploration, production and transportation activities on Izen's property reduce the fair market value of Izen's surface estate, and therefore, information about Jay Management's activities is likely to lead to admissible evidence. "A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information." *In re CSX Corp.*, 124 S.W.3d 149, 153 (Tex. 2003) (orig. proceeding) (citation omitted). The necessary information for a determination of whether the taxing entity properly calculated a pipeline adjustment commensurate with the actual coverage of pipelines on the property might include the location of the pipelines, but we conclude that any additional information about mineral exploration, production, and transportation is too tenuous given the ready availability of direct evidence of the pipelines' locations. Izen's discovery requests

9

and deposition topics, and the trial court's order compelling the discovery present a vastly overbroad fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding). The trial court failed to limit the compelled discovery to information about the location of pipelines on January 1, 2013, and January 1, 2014, the only dates relevant to the case before the trial court.

We conclude that the trial court clearly abused its discretion by ordering a non-party to comply with overbroad discovery requests. *See* Tex. R. Civ. P. 192.3; *see also* Tex. R. Civ. P. 205. The trial court abused its discretion by compelling responses to the requests because the requests are not narrowly tailored. *See CSX Corp.*, 124 S.W.3d at 153. "The burden to propound discovery complying with the rules of discovery should be on the party propounding the discovery, and not on the courts to redraft overly broad discovery so that, as re-drawn by the court, the requests comply with the discovery rules." *In re TIG Ins. Co.*, 172 S.W.3d 160, 168 (Tex. App.—Beaumont 2005, orig. proceeding). When the trial court has allowed overly broad discovery, we will direct the trial court to enter the ruling that should have been rendered at the hearing. *Id.*

We lift our stay order of May 30, 2019, and conditionally grant mandamus relief compelling the trial court to vacate its order of April 30, 2019, which granted Joe Alfred Izen, Jr.'s motion to compel the deposition of a representative of a non-

10

party, Jay Management Company, LLC, and denied Jay Management Company, LLC's motion to quash the deposition and subpoena duces tecum. We are confident the trial court will vacate its order compelling deposition and production of documents. The writ shall issue only if the trial court fails to do so.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on June 11, 2019
Opinion Delivered August 8, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.