### In re ALLSTATE COUNTY MUTUAL INSURANCE COMPANY and David Gonzalez, Relators.

#### No. 06–0878.

Supreme Court of Texas.

June 15, 2007.

---

Jeffrey D. Roerig, Roerig Oliveira & Fisher, Brownsville, Rosemary Conrad–Sandoval, Roerig, Oliveira & Fisher, L.L.P., McAllen, TX, for Relator.

Esther Cortez, McAllen, TX, for Other.

Wilbert Hughes, Scott T. Clark, Roger W. Hughes, Adams & Graham, L.L.P., Harlingen, TX, for Real Party In Interest.

PER CURIAM.

■ Discovery is a tool to make the trial process more focused, not a weapon to make it more expensive. Thus trial courts "must make an effort to impose reasonable discovery limits." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex.2003) (per curiam) (quotations omitted). In this suit alleging an insurer reneged on a $13,500 settlement offer, the trial court refused to impose any limit on the plaintiffs' 213 discovery requests. As much of this discovery has no relation or relevance to the scope of the parties' dispute, we grant mandamus relief. *See In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex.2006) (per curiam) ("[An] order that compels overly

broad discovery well outside the bounds of proper discovery is an abuse of discretion for which mandamus is the proper remedy.") (quotations omitted).

Following a car accident, two plaintiffs (Jorge Karim and Teresita Manllo) brought a single suit against the other driver (Sang Cho), her carrier (Allstate County Mutual Insurance Company), and the latter's adjuster (David Gonzalez). The plaintiffs sent the insurer and its adjuster a total of 89 requests for production, 59 interrogatories, and 65 requests for admission, including requests for:

- transcripts of all testimony ever given by any Allstate agent on the topic of insurance;
- every court order finding Allstate wrongfully adjusted the value of a damaged vehicle;
- personnel files of every Allstate employee a Texas court has determined wrongfully assessed the value of a damaged vehicle; and
- legal instruments documenting Allstate's status as a corporation and its net worth.

Allstate and Gonzalez objected to the discovery and moved for summary judgment on the ground that the plaintiffs had no direct action against a third party's insurer. *See Allstate Ins. Co. v. Watson,* 876 S.W.2d 145, 149 (Tex.1994) (prohibiting unfair settlement claims by third parties); *State Farm County Mut. Ins. Co. v. Ollis,* 768 S.W.2d 722, 723 (Tex.1989) (per curiam) (prohibiting direct actions against a third party's insurer "until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party"). The trial court denied the summary judgment, rejected the objections, and ordered the defendants to respond to all the requests. The Thirteenth Court of Appeals denied mandamus relief without explanation. *In*

*re Allstate County Mut. Ins. Co.,* 2006 WL 2789048 (Tex.App.-Corpus Christi 2006).

■ The plaintiffs make no effort to justify their hundreds of requests. Nor can they, given what this Court has said repeatedly in similar cases. In *In re CSX Corp.,* we held that "discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad." 124 S.W.3d at 149. In *K Mart Corp. v. Sanderson,* we held overbroad a request for every criminal act that occurred on the defendant's premises for the last seven years. 937 S.W.2d 429, 431 (Tex.1996) (per curiam). In *Dillard Department Stores, Inc. v. Hall,* we held overbroad a request for every false imprisonment case in the last five years throughout twenty states. 909 S.W.2d 491, 491–92 (Tex.1995) (per curiam). And in *Texaco, Inc. v. Sanderson,* we held overbroad a request for all documents ever written by the defendant's safety director about safety. 898 S.W.2d 813, 815 (Tex.1995) (per curiam). Like all those requests, the plaintiffs' requests here are overbroad as to time, location, and scope, and could easily have been more narrowly tailored to the dispute at hand. *See CSX,* 124 S.W.3d at 153 ("A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information....").

More important, the plaintiffs' requests and the trial court's order reflect a misunderstanding about relevance. American jurisprudence goes to some length to avoid the spurious inference that defendants are either guilty or liable if they have been found guilty or liable of anything before. *See, e.g.,* Tex.R. Evid. 404 (barring proof of other crimes, wrongs, or acts "in order to show action in conformity therewith").

While such evidence might be discoverable in some cases (e.g., to prove motive or intent, *see id.*), it is hard to see why reneging on some other settlement offer makes it more or less probable that the insurer reneged on this one. TEX.R. CIV. P. 192.3; TEX.R. EVID. 401.

■■■■ The plaintiffs argue the defendants failed to preserve their objections by failing to provide details regarding why the discovery here was burdensome. But Allstate objected to the plaintiffs' requests as irrelevant (and thus by necessity overbroad). Overbroad requests for irrelevant information are improper whether they are burdensome or not, so the defendants were not required to detail what they might encompass. *See In re CSX Corp.*, 124 S.W.3d at 153; *In re Union Pac. Res. Co.*, 22 S.W.3d 338, 341 (Tex.1999).

■■■ The plaintiffs also argue the defendants waived their objections by obscuring them amidst numerous unfounded objections. *See* TEX.R. CIV. P. 193.2(e). Allstate objected to every one of the plaintiffs' requests on the ground that it owed no discovery to a party with no standing to bring a direct action against it. Even if this objection was unfounded (an issue we do not reach), it did not obscure Allstate's objections regarding relevance and overbreadth.

"Reasonable" discovery necessarily requires some sense of proportion. With today's technology, it is the work of a moment to reissue every discovery request one has ever sent to an insurer before. But by definition such a request is not "reasonably tailored." *See In re Graco Children's Prods.*, 210 S.W.3d 598, 601 (Tex.2006) (per curiam); *CSX*, 124 S.W.3d at 152. Given the limited scope of the plaintiffs' claims and the amount at issue, the trial court erred by compelling discovery of everything the plaintiffs could imagine asking in any unfair insurance practice case.

Accordingly, without hearing oral argument, we conditionally grant the writ of mandamus and direct the trial court to vacate its discovery order and reconsider the scope of permissible discovery in light of this opinion. *See* TEX.R.APP. P. 52.8(c). The writ will issue only if the trial court fails to comply.