

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00429-CV

IN RE W.W. COLLINS, JR.                                           RELATOR

-----------

## ORIGINAL PROCEEDING

-----------

## MEMORANDUM OPINION[1]

-----------

The court has considered relator's petition for writ of mandamus and is of the opinion that relief should be denied. Accordingly, relator's petition for writ of mandamus is denied, and the stay is lifted.

PER CURIAM

PANEL:  MCCOY, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

LIVINGSTON, C.J., filed a dissenting opinion.

DELIVERED:  January 17, 2013

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00429-CV

IN RE W.W. COLLINS, JR.                                                RELATOR

----------

ORIGINAL PROCEEDING

----------

## DISSENTING OPINION

----------

I respectfully dissent to the majority's failure to grant some relief to relator W.W. Collins, Jr. The parties are in a discovery dispute relating to proof of an allegedly informal fiduciary relationship which is the basis of relator's claim for wrongful expulsion and breach of fiduciary duty. The cause of action arose sometime in January 2003 when relator was allegedly wrongfully expelled from his fraternity. He filed suit in 2004. Some discovery proceeded, but there were objections and motions to compel involving a lot of the discovery. After discovery

hearings in July and September 2012, the trial court limited the default date for further discovery to the "relevant time period," from January 1, 2002 to present.

In resolving discovery disputes, courts are guided primarily by two rules of civil procedure: rule 192.3 and rule 192.4. *See* Tex. R. Civ. P. 192.3, 192.4. Rule 192.3 initially defines the scope of discovery as

> any matter . . . relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. It is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Tex. R. Civ. P. 192.3(a).

Rule 192.4 imposes some reasonable limits on discovery if the "discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," or if the burden or expense outweighs the benefit of obtaining the discovery. Tex. R. Civ. P. 192.4(a), (b).

An overly broad discovery order is an abuse of discretion for which mandamus may be a proper remedy. *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding). Likewise, "a writ of mandamus is the proper vehicle to attack an order denying discovery." *In re West*, 346 S.W.3d 612, 615 (Tex. App.—El Paso 2009, orig. proceeding) (*citing In re El Paso Healthcare Sys.*, 969 S.W.2d 68, 72 (Tex. App.—El Paso 1998, orig. proceeding)). The party objecting to the production of discovery must present evidence to support

2

the objection. *In re Deere*, 299 S.W.3d at 820–21. In *Deere*, the challenged order had no time limit despite some evidence that the moving party only requested discovery back twelve or fifteen years. *Id.* at 820. The court remanded the case for imposition of some reasonable time period for the discovery period as opposed to none. *Id.* at 821.

In *In re Allstate County Mutual Insurance Company*, the supreme court instructed the trial courts to "make an effort to impose reasonable discovery limits." *In re Allstate Cnty. Mut. Ins. Co.*, 227 S.W.3d 667, 668 (Tex. 2007) (orig. proceeding). Specifically, the supreme court held that discovery orders covering unreasonably long time periods were overbroad. Examples included requests for every criminal act for a time period of seven years and requests for instances of false imprisonment for five years in twenty states. *Id.* at 669. The supreme court noted that trial courts should consider time, location, scope, and whether the requests "could easily have been more narrowly tailored to the dispute at hand," or relevant information. *Id.*

This case does not involve an overly broad discovery request, however. The charges brought by the fraternity against relator and upon which relator's expulsion was based were brought in 2002. The actual expulsion date was January 18, 2003. The fraternity's letter that detailed the charges against relator specifically alleged inappropriate conduct that was to have occurred as early as 1996. Even though the fraternity waited until 2002 to bring charges, and early

3

2003 to expel relator, this does not mean that acts occurring as far back as 1996 are irrelevant. Because the charges relate to actions that took place in 1996, it seems incongruent to limit discovery to 2002 to present. For these reasons, I would grant relator's request to redefine the relevant discovery period beginning January 1, 1996 forward.


TERRIE LIVINGSTON
CHIEF JUSTICE

DELIVERED: January 17, 2013

4