02-12-429-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00429-CV 

 

 


 
 
 In re W.w. collins, jr.
 
 
  
 
 
 RELATOR
 
 


 

 

------------

 

ORIGINAL PROCEEDING

------------

MEMORANDUM
OPINION[1]

                                                       ------------

The
court has considered relator’s petition for writ of mandamus and is of the
opinion that relief should be denied.  Accordingly, relator’s petition for writ
of mandamus is denied, and the stay is lifted.

 

PER CURIAM

 

PANEL: 
MCCOY, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

 

LIVINGSTON,
C.J., filed a dissenting opinion.

 

DELIVERED: 
January 17, 2013

 

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00429-CV

 

 


 
 
 In re W.W. Collins, Jr.
 
 
  
 
 
 RELATOR
 
 


 

 

 

 

----------

ORIGINAL
PROCEEDING

----------

DISSENTING
OPINION

----------

          I
respectfully dissent to the majority’s failure to grant some relief to relator
W.W. Collins, Jr.  The parties are in a discovery dispute relating to proof of
an allegedly informal fiduciary relationship which is the basis of relator’s
claim for wrongful expulsion and breach of fiduciary duty.  The cause of action
arose sometime in January 2003 when relator was allegedly wrongfully expelled
from his fraternity.  He filed suit in 2004.  Some discovery proceeded, but
there were objections and motions to compel involving a lot of the discovery.  After
discovery hearings in July and September 2012, the trial court limited the
default date for further discovery to the “relevant time period,” from January
1, 2002 to present.

          In
resolving discovery disputes, courts are guided primarily by two rules of civil
procedure:  rule 192.3 and rule 192.4.  See Tex. R. Civ. P. 192.3,
192.4.  Rule 192.3 initially defines the scope of discovery as

any matter . . . relevant to the subject matter of the
pending action, whether it relates to the claim or defense of the party seeking
discovery or the claim or defense of any other party.  It is not a ground for
objection that the information sought will be inadmissible at trial if the
information sought appears reasonably calculated to lead to the discovery of
admissible evidence.

Tex. R. Civ. P. 192.3(a).

          Rule
192.4 imposes some reasonable limits on discovery if the “discovery sought is
unreasonably cumulative or duplicative, or is obtainable from some other source
that is more convenient, less burdensome, or less expensive,” or if the burden
or expense outweighs the benefit of obtaining the discovery.  Tex. R. Civ. P.
192.4(a), (b).

          An
overly broad discovery order is an abuse of discretion for which mandamus may
be a proper remedy.  In re Deere & Co., 299 S.W.3d 819, 820 (Tex.
2009) (orig. proceeding).  Likewise, “a writ of mandamus is the proper vehicle
to attack an order denying discovery.”  In re West, 346 S.W.3d 612, 615 (Tex.
App.—El Paso 2009, orig. proceeding) (citing In re El Paso Healthcare
Sys., 969 S.W.2d 68, 72 (Tex. App.—El Paso 1998, orig. proceeding)).  The
party objecting to the production of discovery must present evidence to support
the objection.  In re Deere, 299 S.W.3d at 820–21.  In Deere, the
challenged order had no time limit despite some evidence that the moving party
only requested discovery back twelve or fifteen years.  Id. at 820.  The
court remanded the case for imposition of some reasonable time period for the
discovery period as opposed to none.  Id. at 821.

In In
re Allstate County Mutual Insurance Company, the supreme court instructed
the trial courts to “make an effort to impose reasonable discovery limits.”  In
re Allstate Cnty. Mut. Ins. Co., 227 S.W.3d 667, 668 (Tex. 2007) (orig.
proceeding).  Specifically, the supreme court held that discovery orders
covering unreasonably long time periods were overbroad.  Examples included
requests for every criminal act for a time period of seven years and requests
for instances of false imprisonment for five years in twenty states.  Id.
at 669.  The supreme court noted that trial courts should consider time,
location, scope, and whether the requests “could easily have been more narrowly
tailored to the dispute at hand,” or relevant information.  Id.

This case does not involve an overly broad
discovery request, however.  The charges brought by the fraternity against
relator and upon which relator’s expulsion was based were brought in 2002. The
actual expulsion date was January 18, 2003.  The fraternity’s letter that
detailed the charges against relator specifically alleged inappropriate conduct
that was to have occurred as early as 1996.  Even though the fraternity waited
until 2002 to bring charges, and early 2003 to expel relator, this does not
mean that acts occurring as far back as 1996 are irrelevant.  Because the
charges relate to actions that took place in 1996, it seems incongruent to
limit discovery to 2002 to present.  For these reasons, I would grant relator’s
request to redefine the relevant discovery period beginning January 1, 1996
forward.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

DELIVERED: 
January 17, 2013








 









          [1]See
Tex. R. App. P. 47.4, 52.8(d).