**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-21-00098-CV**

**IN RE LIBERTY INSURANCE CORPORATION**

**Original Proceeding**
**128th District Court of Orange County, Texas**
**Trial Cause No. A180319-C**

**MEMORANDUM OPINION**

In a first-party insurance case, Relator, Liberty Insurance Corporation ("Liberty") responded to written discovery requests from the Real Parties in Interest, Michael Young and John Young (collectively "Young") by making certain objections and then producing redacted copies of Liberty's internal claim's handling manual, policies, and procedures. Before it produced the redacted documents, Liberty and Young jointly filed an agreed motion for protective order. In the motion, the parties informed the trial court that Liberty had identified "confidential and completely sensitive[]" materials responsive to Young's discovery requests. Citing

Texas Rule of Evidence 507 and Texas Rule of Civil Procedure 76a, they jointly requested that the trial court sign the agreed protective order. On April 1, 2019, the trial court signed an agreed protective order, which provided that in the case "Confidential Information" included "any information of any type which is designated as 'Confidential' by any of the producing or receiving parties[.]" Thereafter, Liberty produced documents from its claims handling guidelines but redacted information that Liberty alleged had no relationship or relevance to Young's type of claim.

On February 3, 2021, Young filed a motion to compel Liberty to produce an unredacted copy of its claims handling guidelines. Young referred to 16 pages of estimating guidelines and 124 pages of operating procedures containing examples of suggested "over-redactions." Young complained that Liberty redacted claims handling instructions for "1) Photo claim requirements of an investigation; 2) Guidelines on supplements; 3) Flooring and debris removal; 4) Painting and Sealing; 5) Repair v. replace; 6) Matching; 7) Depreciation; 8) Overhead and profit; 9) Cleaning and remediation; 10) Channeling/Assignment of claims; 11) Receiving claim; 12) Initial contact rules; 13) Gathering details of claim; 14) Determining coverage; 15) Denial letters; 16) Field Reinspections; 17) Closing claims; 18) Discussing settlement with customers; [and] 19) First contact rules." Young attached Liberty's responses to Young's requests for production, which included requests for

(1) "all documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this lawsuit that related to the adjustment of this type of claim, e.g. residential burst pipe property damages from August 1, 2015 – the time the lawsuit was filed[]" and (2) "Your written procedures or policies (including document(s) maintained in electronic form) that were in effect from August 24, 2017– the date the lawsuit was filed that pertain to the handling of complaints made by policyholders in Texas[.]" Liberty objected that each request was "overbroad[.]"

On February 11, 2021, the trial court held a remote video hearing on Young's motion to compel. Young argued the entire document should be unredacted because Liberty redacted sections, such as denial policies and a section on determining coverage, that were important in a full claim denial policy case. Liberty replied that the case was about a shower pan drain line leak and guidelines concerning other types of claims were not relevant. Liberty noted that Young's pleadings did not allege that Liberty violated its internal policies and procedures. On March 29, 2021, the trial court granted Young's motion to compel Liberty to "un-redact in full the confidential documents that are subject to the Court's protective order[.]"

Mandamus will issue to correct a discovery order if there is a clear abuse of discretion and there is no adequate remedy at law. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). A trial court abuses its discretion

3

when its ruling is so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

The Texas Rules of Civil Procedure allow a discovery request that has a reasonable expectation of obtaining information that will aid in resolution of the dispute. *See id*. at 152. However, discovery requests must not be overbroad. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding). "A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information." *In re CSX Corp.*, 124 S.W.3d at 153.

"[A] party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Tex. R. Civ. P. 192.3(a). But "[o]verbroad requests for irrelevant information are improper whether they are burdensome or not[.]" *In re Allstate Cty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding). An overbroad discovery request is one that seeks irrelevant information that is not properly tailored to the dispute at hand as to time, place, and subject matter. *In re K & L Auto Crushers, LLC*, No. 19-1022, 2021 Tex. LEXIS 427, at *18 (Tex. May 28, 2021) (orig. proceeding) (not yet reported). "It is the discovery proponent's burden to

4

demonstrate that the requested documents fall within the scope-of-discovery of Rule 192.3." *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex. App.—Beaumont 2005, orig. proceeding). When a party propounds overly broad requests, the trial court must either sustain the objection or act to narrowly tailor the requests. *In re Mallinckrodt, Inc.*, 262 S.W.3d 469, 474 (Tex. App.—Beaumont 2008, orig. proceeding).

By ordering an unredacted complete production of Liberty's claims handling guidelines, the trial court necessarily ordered production of information for types of claims other than water damage to single-family residential dwellings. Young's requested production of "all" of Liberty's policies pertaining to handling "complaints" made by any Texas policyholders regardless of the type of claim is overly broad and exceeds the scope of relevant information.

We conclude that the trial court abused its discretion by ordering an unredacted production of all of Liberty's internal estimating guidelines and standard operating procedures notwithstanding Liberty's objections that Young's requests for production were overbroad. *See Allstate*, 227 S.W.3d at 670. Appeal is not an adequate remedy when the appellate court would not be able to cure the trial court's discovery error. *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding). "A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In*

5

*re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488. Liberty lacks an adequate appellate remedy for the disclosure of the documents.

We conclude the trial court abused its discretion and the Relator lacks an adequate remedy by appeal. We are confident that the trial court will vacate its order compelling discovery in accordance with this memorandum opinion. The writ of mandamus shall issue only if the trial court fails to vacate its order of March 29, 2021.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on June 11, 2021
Opinion Delivered August 26, 2021

Before Kreger, Horton and Johnson, JJ.