# Supreme Court of Texas

No. 20-0849

In re ExxonMobil Corporation,

*Relator*

On Petition for Writ of Mandamus

**PER CURIAM**

JUSTICE LEHRMANN and JUSTICE BLACKLOCK did not participate in this opinion.

Evidence of a medical provider's negotiated rates for private insurers and public payers is relevant, though not dispositive, when considering the reasonableness of its chargemaster rates. *In re N. Cypress Medical Ctr. Operating Co.*, 559 S.W.3d 128 (Tex. 2018). This is true regardless of whether a party is challenging the reasonableness of rates secured by a medical lien, as in *North Cypress*, or the reasonableness of rates supporting a claim for personal-injury damages. *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 244-45 (Tex. 2021). The facts of this case closely parallel those of *K & L Auto*, and that opinion is dispositive of the issues presented here. Applying *K & L Auto* to this case, we hold that the trial court abused its discretion by denying

ExxonMobil's discovery requests and that ExxonMobil has no adequate remedy on appeal. We therefore conditionally grant mandamus relief and order the trial court to vacate its order to the extent it conflicts with our holdings in *K & L Auto*.

The underlying personal-injury claims arose from a fire and explosion at ExxonMobil's Baytown Olefins Plant. Nearly sixty plaintiffs sued ExxonMobil, seeking, in part, millions of dollars in reimbursement for past medical expenses. Many were treated by the same medical providers, pursuant to "letters of protection" provided by the plaintiffs' attorneys. Through discovery, ExxonMobil obtained billing codes for the specific services the plaintiffs received, and it used this information to formulate discovery requests for the amounts and rates these providers have accepted from the majority of their patients for the same procedures performed around the same time.

ExxonMobil served subpoenas to nine providers whose charges represent the bulk of the medical expenses claimed.[1] It did not seek individual patient records; instead, it requested broad discovery of the amounts and rates the providers accepted from a majority of their patients for the same services around the same time.

ExxonMobil filed a motion to enforce compliance with its discovery requests. The providers filed motions for protection, arguing

---

[1] The nine providers from which ExxonMobil initially requested discovery are Texas Brain Center; Advanced Medical Group; Memorial MRI & Diagnostic; Neurosurgery, PA; Advanced Diagnostics Hospital East; Altus Hospital; National Brain Injury Institute; Woodlake MRI & Diagnostic Imaging; and Elite Medical Wellness.

that the requests sought irrelevant information, were unduly burdensome, and sought trade secrets and confidential information.

While ExxonMobil's motion to enforce was pending, the Fourteenth Court of Appeals issued *In re Memorial Hermann Health System*, holding that a request for documents related to a medical provider's rates for services *not* received by the plaintiff is impermissibly overbroad. 607 S.W.3d 913, 920-21 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). ExxonMobil supplemented its motion to narrow its requests accordingly, limiting discovery to the same services the plaintiffs received and the same time period during which those services were provided and eliminating requests for rate information beyond the services the plaintiffs received. Specifically, ExxonMobil no longer sought testimony from the providers on eight of the eighteen deposition topics or documents in response to fourteen of the twenty-six document requests. It also no longer sought to enforce its requested discovery against two providers.[2] In response to the motions for protection, ExxonMobil argued that the providers' undue-burden objections were unsupported and, at a minimum, did not justify protection against *all* of the discovery requests.

The trial court denied ExxonMobil's motion to enforce and granted motions for protection filed by the plaintiffs and four providers[3] without explanation. ExxonMobil sought mandamus relief from the

---

[2] The two providers from which ExxonMobil no longer seeks discovery are Memorial MRI & Diagnostic and Elite Medical Wellness.

[3] The three providers who did not move for protection are Neurosurgery, PA; Altus Hospital; and National Brain Injury Institute.

3

court of appeals, which denied the petition in a nonsubstantive memorandum opinion.

ExxonMobil now seeks mandamus relief from this Court. For the reasons set out below, we conclude that ExxonMobil has demonstrated the trial court abused its discretion and that it lacks an adequate remedy on appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004).

First, ExxonMobil contends that the trial court abused its discretion by denying ExxonMobil's motion to enforce and granting the motions for protection. As in *K & L Auto*, we first address whether the evidence sought is relevant. 627 S.W.3d at 248. Given that reasonableness is a well-settled common-law limitation on recoverable expenses, here, evidence of the providers' rates is relevant to determining whether they are reasonable, and thus recoverable. *See id.* at 250. Because an overbroad discovery request is, essentially, one seeking irrelevant information, ExxonMobil's discovery requests are not overbroad. *See In re Allstate Cnty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007). Not only are ExxonMobil's modified discovery requests narrowly tailored to focus on rates for the same services at the same times, like the requests in *K & L Auto*, they are "nearly identical to those we approved of in *North Cypress*." 627 S.W.3d at 253 (noting that "K & L Auto expressly sought to narrow the requested discovery to the time period, devices, and services at issue in this case and approved by *North Cypress*," which ensured its requests were "not overbroad as a matter of law").

4

Further, the requests are not unduly burdensome. The providers failed to establish, beyond conclusory assertions, why the burden or expense entailed in responding to the requests outweighs the likely benefit, or why the requests are "unreasonably cumulative or duplicative." TEX. R. CIV. P. 192.4. And as in *K & L Auto*, ExxonMobil acted to substantially narrow the scope of its requests, and the providers failed to show why the narrowed requests, apart from the original requests, present an undue burden. *See* 627 S.W.3d at 253-54.

While the providers are not parties to this suit—a relevant fact when considering whether discovery requests present an undue burden, *id.* at 254—our rules expressly authorize discovery of relevant information from nonparties. *See* TEX. R. CIV. P. 205.3(c). And here, the letters of protection under which the providers have secured a financial interest in the resolution of these claims offset the providers' nonparty status when balancing the burdens and benefits of discovery. *See id.* And as to proportionality, ExxonMobil's requests are not unduly burdensome considering the high stakes in this case. Far beyond the $8,278.31 claimed in *North Cypress*, *see* 559 S.W.3d at 141, and even the $1.2 million claimed in *K & L Auto*, *see* 627 S.W.3d at 257, the plaintiffs here are seeking tens of millions of dollars in the underlying litigation, much of which consists of claims for past medical expenses. Given the amount of money damages claimed in this case, the providers' financial interest in the form of letters of protection, and ExxonMobil's narrow, supplemented motion limiting its requests to the specific amount and type of discovery we permitted in *North Cypress*, the discovery requests do not present an undue burden.

5

Finally, the providers' objection that the requests seek confidential information or protected trade-secret information also fails. A protective order could easily shield the information from unnecessary disclosure, and the providers failed to establish why such an order would be insufficient to protect their interests. The trial court did not state its reasons for denying ExxonMobil's motion, but to the extent it relied on concerns about confidentiality or trade secrets, it abused its discretion by failing to consider whether it could have permitted discovery while issuing a protective order. *See K & L Auto*, 627 S.W.3d at 255-56; *North Cypress*, 559 S.W.3d at 136-37.

In addition to showing the trial court abused its discretion, ExxonMobil has also shown it has no adequate remedy on appeal. *See Prudential*, 148 S.W.3d at 135-36. The denied discovery was necessary to develop a defense that goes to the heart of ExxonMobil's case—that the providers' rates were unreasonable. *See K & L Auto*, 627 S.W.3d at 256-57. Additionally, the effects of the trial court's denial of discovery will evade review by any higher court because the discovery ExxonMobil cannot obtain is from third parties, the providers, and thus cannot be included in the appellate record. *Id.* at 257. Under these circumstances, we conclude that ExxonMobil lacks an adequate remedy on appeal.

Because the trial court abused its discretion by denying ExxonMobil's discovery requests and ExxonMobil has no appellate remedy, ExxonMobil is entitled to mandamus relief. Pursuant to Texas Rule of Appellate Procedure 52.8(c), without hearing oral argument, we conditionally grant mandamus relief directing the trial court to vacate its orders granting the motions for protection and denying ExxonMobil's

6

motion to enforce and to reconsider the issues in light of our opinion in *K & L Auto*.  Our writ will issue only if the court fails to comply.

**OPINION DELIVERED:** November 19, 2021