**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00385-CV**
_____

**IN RE NICHOLAS MARTENY**

**Original Proceeding**
**60th District Court of Jefferson County, Texas**
**Trial Cause No. B-199855**

**MEMORANDUM OPINION**

Relator Nicholas Marteny filed a petition for a writ of mandamus and a motion for temporary relief in a legal malpractice suit. Marteny complains the trial court clearly abused its discretion by denying his motion to compel written discovery of settlements obtained in the BP Deepwater Horizon litigation by other clients of the defendants, Real Parties in Interest Brent W. Coon, PC d/b/a Brent Coon & Associates and Brent Coon (collectively "BCA"). Marteny claims the trial court's denial of the requested discovery severely compromises his ability to present any case at all because his legal expert's opinion regarding Marteny's damages will be

1

conclusory if he is unable to analyze the settlements. After reviewing Relator's petition and the response of the Real Parties in Interest, we conclude that Relator has failed to establish he is entitled to the relief sought in his petition.

In 2020, we reversed the trial court's grant of BCA's traditional motion for summary judgment, holding in part that BCA failed to conclusively negate damages to Marteny, a merchant mariner, resulting from the government-imposed moratorium on offshore drilling following the Deepwater Horizon oil spill. *Marteny v. Coon*, 2020 WL 5666567, at *5-6 (Tex. App.—Beaumont Sept. 24, 2020, no pet.) (mem. op.). Noting that BCA filed suit on behalf of over 4,000 plaintiffs arising from the same oil spill, some of whom had moratoria-only claims, and that BCA claimed the information concerning other clients was privileged, we held the trial court erred by denying Marteny's request to defer ruling on the motion for summary judgment until he could obtain written discovery regarding settlement information of other clients similarly situated to him, who sustained economic losses as a result of the oil spill and subsequent moratoria. *Id*. at *7. We remanded the case to the trial court to order the production of an adequate privilege log and development of an affidavit or other testimony, so that the trial court could properly assess the applicability of the asserted privileges. *Id*. at *8.

On remand, Marteny filed a motion to rule on his motion to compel discovery. BCA responded that whether there were any responsive documents depended upon

whether a "similar client" was limited to a BCA client who pleaded and answered discovery with damages from the BP Deepwater Horizon oil spill with only moratorium damages or also included any individual who received a recovery from BP. On January 19, 2020, the trial court ordered production but reconsidered after the parties submitted additional briefing and BCA argued that Marteny's discovery requests were a fishing expedition seeking privileged information and that any claims that resulted in settlement had been made by individuals whose losses were due in part to the moratorium and in part to the oil spill itself. BCA argued that the privilege log and spreadsheet of mixed-claim settlements that it provided to the trial court for in-camera inspection demonstrated that if produced the information would be of little use to Marteny unless BCA provided additional privileged information about its clients. BCA filed amended objections to Marteny's second set of requests for production, asserting therein that BCA had identified 444 clients in the marine transportation, marine industry, refinery/oil industry/oil rig moratorium categories, and "a small subset of Clients who appear to have been Merchant Marines[,]" and BCA complained that Marteny's request for information about "similar clients" "amounts to a fishing expedition" and required disclosure of information protected by attorney-client and work product privileges and subject to a confidentiality order issued by the MDL court.

The trial court held a hearing on January 21, 2021. BCA explained that some of its clients worked in an offshore capacity but were involved in a shrimping settlement, others were oil rig workers, and some were small boat operators like Marteny. Marteny argued BCA's privilege log failed to meet the requirements of Rule 193.[1] On January 27, 2021, BCA submitted an amended privilege log that identified clients by an identification number and noted the general occupation type and whether the client was a merchant marine, but redacted claim submissions, the amount for settlement demands, the final settlement amounts, and the personal identifying information for each client. The trial court reviewed an unredacted privilege log in camera, as well as an affidavit that quoted the language of the confidentiality order imposed by the federal MDL court that presided over the settlements about which Marteny sought to compel discovery.[2]

On October 7, 2021, the trial court denied Marteny's motion to compel without elaboration. In his mandamus petition, Marteny argues the information BCA withheld is permissible discovery in a legal malpractice case stemming from mass tort litigation. "[L]egal-malpractice damages are the difference between the result

---

[1]*See* Tex. R. Civ. P. 193.3(b) (requiring withholding party on request to describe the information or materials withheld to serve a response that, without revealing the privileged information itself or otherwise waiving the privilege, enables other parties to assess the applicability of the privilege and asserts a specific privilege for each item or group of items withheld).

[2]The trial court provided the documents that were reviewed in camera to this Court.

obtained for the client and the result that would have been obtained with competent counsel." *Elizondo v. Krist*, 415 S.W.3d 259, 263 (Tex. 2013). In *Elizondo*, the Court noted that, because the defendant in that case had settled thousands of cases and made the business decision not to try any cases to a verdict, an expert could base his opinion of malpractice damages on a comparison of what similarly situated plaintiffs obtained from the same defendant. *Id.* "[I]n a mass tort litigation involving thousands of similar claimants and arising out of the same event, the expert measures the 'true' settlement value of a particular case by persuasively comparing all the circumstances of the case to the settlements obtained in other cases with similar circumstances arising from the event." *Id.*

Marteny argues the trial court abused its discretion by failing to compel discovery because BCA failed to produce an adequate privilege log, failed to produce the documents identified in the privilege log for in-camera inspection, failed to make a prima facie case of privilege, and provided insufficient evidence of the confidentiality order because it was based on information and belief of the affiant. Marteny argues the trial court abused its discretion by sustaining BCA's objection that the discovery requests were an impermissible "fishing expedition" because BCA obscured the objection in violation of Rule 193.2(e) by repeating the same objection to each discovery request. *See* Tex. R. Civ. P. 193.2(e) ("An objection that is not made within the time required, or that is obscured by numerous unfounded

objections, is waived unless the court excuses the waiver for good cause shown."). He argues information about BCA's "similarly situated clients seeking moratorium losses" is the best evidence of Marteny's damages. *See Elizondo*, 415 S.W.3d at 263. According to Marteny, counsel for BCA could identify some 444 similarly situated clients with moratorium claims but who, unlike Marteny, received settlements.

Texas Rule of Civil Procedure 192.3 permits a party to "obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Tex. R. Civ. P. 192.3(a). Discovery requests must be "reasonably tailored to include only matters relevant to the case." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). "A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information." *In re CSX Corp.*, 124 S.W.3d 149, 153 (Tex. 2003) (orig. proceeding). "Overbroad requests for irrelevant information are improper whether they are burdensome or not[.]" *In re Allstate Cty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding). "It is the discovery proponent's burden to demonstrate that the requested documents fall within the scope-of-discovery of Rule 192.3." *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex. App.—Beaumont 2005, orig. proceeding). An overbroad discovery

request is one that seeks irrelevant information that is not properly tailored to the dispute at hand as to time, place, and subject matter. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding); *see also In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180 n.1 (Tex. 1999) (orig. proceeding) ("We have identified as overbroad requests encompassing time periods, products, or activities beyond those at issue in the case—in other words, matters of questionable relevancy to the case at hand."). When a party propounds overly broad requests, the trial court must either sustain the objection or act to narrowly tailor the requests. *In re Mallinckrodt, Inc.*, 262 S.W.3d 469, 474 (Tex. App.—Beaumont 2008, orig. proceeding).

BCA repeatedly complained to the trial court that Marteny's definition of "similarly situated clients" was too vague to discern which of its clients were "similar situated" and which were not. Marteny defined the term as

> those clients or plaintiffs you represented in claims with the GCCF, the Settlement Program, any other settlement or claim program relating to the spill, or in litigation against BP arising out of the Deepwater Horizon Oil Spill that occurred on or about April 20, 2010 and who were oil service, exploration or marine workers, providers, or suppliers that, like Marteny, claimed to suffer economic losses as a result of the oil spill or the moratorium issued by the United States Department of the Interior following the spill.

The discovery requests required BCA to produce information about oil rig workers and persons whose occupations were not at all similar to Marteny's occupation as a small boat operator. More importantly, it should be noted that Marteny's claims were solely for moratorium damages; however, the discovery requests required BCA to

7

produce information not only for moratorium damage claims, but also for oil spill damage claims. Faced with a facially overbroad request for discovery, the trial court had the discretion to narrowly tailor the request or to deny the motion to compel. We conclude Marteny has not shown that the trial court clearly abused its discretion. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a). The motion for temporary relief is denied as moot.

PETITION DENIED.

PER CURIAM

Submitted on December 21, 2021
Opinion Delivered February 3, 2022

Before Golemon, C.J., Kreger and Horton, JJ.