**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00111-CV**
_____

**IN RE MBE, INC. AND JOHN LEONE**

**Original Proceeding**
**1st District Court of Jasper County, Texas**
**Trial Cause No. 39142-A**

**MEMORANDUM OPINION**

In this original proceeding, Relators MBE, Inc. and John Leone seek mandamus relief from orders compelling discovery in a wrongful death and survival action. They argue the trial court abused its discretion by compelling discovery that exceeds the bounds of proportionality, by compelling discovery that invades the privacy of a party who has been named as a party but who has not been served or entered an appearance, by compelling a party to respond to discovery with documentation that is not within his custody and control, and by compelling a party to amend his response to a Request for Admission absent a request by the requesting party for the trial court to determine the sufficiency of the answer or objection. We

temporarily stayed the orders and obtained a response from the Real Party in Interest, Angela Jackson, Individually and as Representative of the Estate of Curtis Jackson, Deceased, and as Guardian of T.I.J., a Minor Child. We grant only partial relief.

Background

As alleged by the pleadings, Curtis Jackson was travelling westbound on U.S. Highway 190 in Jasper County, Texas, on January 2, 2020, when he lost control of the vehicle, which crossed onto the outside shoulder for the eastbound lanes of Highway 190 where it collided with a tractor and trailer that was parked on the shoulder.[1] Jackson alleged the tractor-trailer was unsafely and illegally parked within 30 feet of an intersection in violation of section 545.302 of the Texas Transportation Code. *See* Tex. Transp. Code Ann. § 545.302(b)(1) ("An operator may not, except momentarily to pick up or discharge a passenger, stand or park an occupied or unoccupied vehicle: (1) in front of a public or private driveway[.]"). Jackson alleged Chris Hickman was an employee, driver, and operator of the 18-wheeler, who was acting in the course and scope of his employment with MBE, and that Hickman and Leone were in possession of the property that abutted the right-of-way and parked the vehicle on the shoulder of the highway, creating a dangerous condition on the premises of a public highway. Jackson alleged MBE is vicariously

---

[1] Whether the rig was parked on private or public property is a fact in dispute.

2

responsible for the negligent conduct of its employee driver and was obligated to ensure that the operators of MBE's commercial vehicles are qualified by training and experience to safely operate the 18-wheeler that MBE owns and operates in interstate commerce, and that MBE's driver negligently failed to exercise ordinary care in the control, operation, and parking of the vehicle, and that the MBE driver failed to park the vehicle off the roadway so that it did not pose a hazard to others. Jackson alleged MBE knew or should have known Hickman was incompetent, inexperienced, untrained, or reckless, and MBE breached its duty to properly hire, train, instruct, retain, and supervise Hickman.

## Mandamus Standard

Mandamus will issue to correct a discovery order if there is a clear abuse of discretion and there is no adequate remedy at law. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). A trial court abuses its discretion when its ruling is so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

The Texas Rules of Civil Procedure allow a discovery request that has a reasonable expectation of obtaining information that will aid in resolution of the dispute. *See id*. at 152. That said, discovery requests must not be overbroad. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding). "A

3

central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information." *In re CSX Corp.*, 124 S.W.3d at 153.

"[A] party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Tex. R. Civ. P. 192.3(a). But "[o]verbroad requests for irrelevant information are improper whether they are burdensome or not[.]" *In re Allstate Cty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding). An overbroad discovery request is one that seeks irrelevant information not properly tailored to the dispute at hand as to time, place, and subject matter. *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 252 (Tex. 2021) (orig. proceeding). "It is the discovery proponent's burden to demonstrate that the requested documents fall within the scope-of-discovery of Rule 192.3." *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex. App.—Beaumont 2005, orig. proceeding). When a party propounds overly broad requests, the trial court must either sustain the objection or narrowly tailor the requests. *In re Mallinckrodt, Inc.*, 262 S.W.3d 469, 474 (Tex. App.—Beaumont 2008, orig. proceeding).

Discovery Disputes

Jackson filed a motion to compel discovery responses and depositions from MBE, a corporate representative of MBE, and Leone. Jackson complained that MBE and Leone served evasive and incomplete discovery responses. The trial court ordered MBE to respond to discovery requests for information and documentation regarding the use of the tractor in the year before the collision and relating to Hickman's employment with MBE.

1. MBE, Inc.

In their mandamus petition, Relators argue the trial court erred by compelling discovery which exceeds the bounds of proportionality. The trial court should limit discovery that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, or when the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. *See* Tex. R. Civ. P. 192.4. But a party resisting discovery must support proportionality complaints with evidence. *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 253. The mandamus record contains no evidence regarding the burden and expense to MBE to respond to the discovery compelled by the trial court.

Relators also argue the discovery requests are facially overly broad. They contend any information regarding MBE's use of the tractor in the year before the collision will make no fact of consequence more or less probable in a case where the vehicle was parked and unoccupied and could not have been engaged in interstate commerce when the collision occurred. They argue that Hickman's personal qualifications and driving record likewise will make no fact of consequence more or less probable in a case where Jackson alleged Hickman parked the vehicle in an unsafe or illegal manner but does not allege that Hickman was operating or occupying the vehicle at the time of the collision. The trial court could, however, reasonably have determined that the requests were designed to discover relevant information on Jackson's negligent entrustment claim against MBE.

Relators argue the trial court abused its discretion by compelling production of personal information about Hickman's employment with MBE. They contend the order infringes on Hickman's privacy. We disagree. The trial court addressed any potential privacy concerns by ordering MBE to produce the responsive records for *in camera* inspection.

Relators ask this Court to order the trial court to vacate its order requiring MBE to amend its response to Jackson's request for admission that the tractor was used in interstate commerce during the 365-day period preceding the date of the collision. Relators argue the trial court abused its discretion by ordering MBE to

6

amend its response to the request for admission because Jackson did not request that relief in her motion to compel. Jackson combined the request for admission with an interrogatory and a request for production that Jackson included in her motion to compel. Assuming the trial court abused its discretion by compelling MBE to amend its response to the request for admission, the benefits of mandamus review do not outweigh the detriments. *In re Colonial Pipeline*, 968 S.W.2d at 941.

Relators have not shown that they are entitled to mandamus relief as to the trial court's order compelling MBE to respond to Jackson's requests for discovery.

2. John Leone

Over Leone's objections that Jackson's discovery requests were irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and nothing more than impermissible fishing expeditions, the trial court ordered Leone to respond to three interrogatories: (1) "Identify where Chris Hickman can be presently located"; (2) "Identify all locations where Chris Hickman has resided during the one-year immediately preceding the date of this discovery request"; and (3) "Identify all communications you have had directly or indirectly with Chris Hickman during the one-year immediately preceding the date of this discovery request, including but not limited to, all emails, telephone communications, letters, in person communications, and text messages." The trial court also compelled Leone to respond to requests for production that asked Leone to produce all documents that

7

evidence each of the interrogatories. The trial court specifically ordered Leone to include "any information related to the location of Chris Hickman that may be located in the records of Defendant MBE, Inc., particularly address, emergency contact information and other evidence that could lead to locating Chris Hickman."

In their mandamus petition, Relators argue Jackson is using a premises liability claim against Leone to fish for information about Hickman. They contend the trial court abused its discretion by ordering Leone to produce documents that are not within his possession, custody, and control. We agree. Requiring Leone to produce every communication of any kind he had with Hickman for a period that commenced almost two years after the accident occurred is not tailored to avoid including tenuous information. *See In re CSX Corp.*, 124 S.W.3d at 152. The discovery requests to Leone are neither limited to the premises liability issue nor limited to the relevant time. The trial court further abused its discretion by requiring Leone to respond to requests for production with information in MBE's possession, custody, and control. *See* Tex. R. Civ. P. 192.3(b).

We conclude the trial court abused its discretion by overruling Leone's objections and compelling Leone to respond to the interrogatories and requests for production. Mandamus is the proper remedy when a discovery order compels production beyond the bounds of permissible discovery under the applicable rules of civil procedure. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488.

## Conclusion

We lift our stay order and conditionally grant mandamus relief as to John Leone. We are confident that the trial court will vacate the order of March 16, 2023, compelling John Leone to respond to discovery. A writ of mandamus will issue only if the trial court fails to comply. We deny mandamus relief as to MBE, Inc.

PETITION CONDITIONALLY GRANTED IN PART.

PER CURIAM

Submitted on April 24, 2023
Opinion Delivered July 13, 2023

Before Golemon, C.J., Johnson and Wright, JJ.