In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-23-00153-CV

IN RE RODNEY CARDELL MCGEE

**Original Proceeding**
**172nd District Court of Jefferson County, Texas**
**Trial Cause No. E-209,674**

## MEMORANDUM OPINION

In this original proceeding, Rodney Cardell McGee ("McGee") seeks mandamus relief from an order denying motions to quash depositions on written questions seeking records from two third-party medical providers. The Real Parties in Interest, David Brooks Jr., Rilonda Brooks, and Danielle Hardaway, Individually and as Heirs to the Estate of Emma T. Brooks, Deceased, and Theresa Francois and

Gloria Kitchen, filed a response in opposition to the mandamus petition.[1] We conditionally grant mandamus relief.

## Background

On April 11, 2022, while operating a tractor-trailer unit traveling eastbound on Interstate 10, McGee struck the concrete center barrier, crossed into the westbound lanes, and collided with westbound vehicles operated by Emma Brooks and Theresa Francois. After the trial court consolidated the wrongful death and survival suit filed by Emma Brooks' heirs and the personal injury suit filed by Theresa Francois and her passenger, Gloria Kitchen, Brooks filed a notice of intention to take depositions by written questions to the records custodians for North Mississippi Medical Center-Tupelo and New Albany Health Care Associates. Brooks requested "[a]ny and all medical records from 01/01/2021 to the present, including but not limited to, hospital records, doctors' records, color photographs, patient information sheets, lab/x-ray reports, office notes, files, papers, reports and correspondence pertaining to [McGee]." McGee moved to quash the depositions by

---

[1] According to McGee, in August 2022 the trial court consolidated a wrongful death and survival suit, Trial Cause Number E-209,674, *David Brooks Jr., Rilonda Brooks, and Danielle Hardaway, Individually and as Heirs to the Estate of Emma T. Brooks, Deceased v. Cotton Plant Transport LLC and Rodney Cardell McGee* and a personal injury suit, Trial Cause Number A-209,679, *Theresa Francois and Gloria Kitchen v. Cotton Plant Transport, LLC and Rodney Cardell McGee* into Trial Cause Number E-209,674. In this opinion, we refer to the Real Parties in Interest collectively as "Brooks".

written questions. McGee argued the requests are unnecessarily overbroad in both time and scope, vague, ambiguous, outside the scope of proper discovery, and violated McGee's privacy rights and the physician-patient privilege. McGee argued his medical records are not relevant to the suit because he is not seeking medical damages. He further argued that medical records from more than a year before the accident are not reasonably calculated to lead to the discovery of admissible evidence.

In response, Brooks argued the requests made for McGee's medical records are calculated to lead to admissible evidence regarding whether McGee's employer entrusted its equipment to an unfit driver.[2] Brooks argued that his request for any and all medical records from the time of McGee's employment with Cotton commenced in December 2020 to the present is reasonable in time. Brooks argued the requests are reasonably calculated to lead to the discovery of admissible evidence because other discovery in the case showed that McGee "smell[ed] of marijuana[]" at the time of the accident, the post-accident drug test showed an interfering substance present in the specimen, and McGee invoked his right against self-incrimination when asked about his marijuana use. Further, McGee invoked his right against self-incrimination when he was asked to explain why his medical

---

[2] In this proceeding, the parties call McGee's employer "Cotton Patch Transport LLC" and "Cotton Plant Transport LLC." Given this confusion, in this opinion we refer to McGee's employer as "Cotton".

3

certification in December 2020 had been renewed for only one year instead of two years. Brooks argued McGee could have obtained a prescription for medical marijuana because an October 2021 off-work slip in McGee's personnel file suggests McGee could have been receiving cancer treatment at the Tupelo medical facility. Brooks argued the medical records might confirm McGee's marijuana use in violation of federal regulations applicable to commercial motor vehicle operators.

In the hearing on the motion to quash, counsel for McGee argued Brooks sought information from the New Albany health facility because a nurse at that facility issued a one-year medical certification in December 2020. McGee argued information about the December 2020 certificate and any health conditions that might have affected the expiration date would be irrelevant because McGee acquired a two-year certificate in December 2021, before the April 2022 accident. Brooks argued that it was not possible for Brooks to obtain health background information on McGee through other means because McGee had invoked his Fifth Amendment right against self-incrimination. Brooks argued pre-accident laboratory tests could reveal McGee's normal creatine levels and could explain whether the elevated creatine levels in the post-accident drug test indicate interference.

Regarding the records in the possession of the Tupelo medical facility, McGee argued the request for records from January 2021 seeks records that are too remote from the accident and medical marijuana was unavailable in Mississippi before the

4

date of the accident. The trial court denied the motion to quash the depositions on written questions and denied McGee's request for an *in camera* inspection of the records before requiring McGee to produce them to Brooks.

Mandamus Standard

Mandamus will issue to correct a discovery order if there is a clear abuse of discretion and there is no adequate remedy at law. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). A trial court abuses its discretion when its ruling is so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

The Texas Rules of Civil Procedure allow a discovery request that has a reasonable expectation of obtaining information that will aid in resolution of the dispute. *See id*. at 152. That said, discovery requests must not be overbroad. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding). "A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information." *In re CSX Corp.*, 124 S.W.3d at 153.

"[A] party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other

party." Tex. R. Civ. P. 192.3(a). But "[o]verbroad requests for irrelevant information are improper whether they are burdensome or not[.]" *In re Allstate Cty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding). An overbroad discovery request is one that seeks irrelevant information not properly tailored to the dispute at hand as to time, place, and subject matter. *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 252 (Tex. 2021) (orig. proceeding). "It is the discovery proponent's burden to demonstrate that the requested documents fall within the scope-of-discovery of Rule 192.3." *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex. App.—Beaumont 2005, orig. proceeding). When a party propounds overly broad requests, the trial court must either sustain the objection or narrowly tailor the requests. *In re Mallinckrodt, Inc.*, 262 S.W.3d 469, 474 (Tex. App.—Beaumont 2008, orig. proceeding).

"Mandamus is appropriate to protect confidential documents from discovery." *In re Living Ctrs. of Tex., Inc.*, 175 S.W.3d 253, 256 (Tex. 2005) (orig. proceeding). "If the trial court issues an erroneous order requiring the production of privileged documents, the party claiming the privilege is left without an adequate appellate remedy." *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). When a review of documents is critical to the evaluation of a privilege claim, the trial court abuses its discretion if it fails to adequately inspect documents tendered for an *in camera* inspection before compelling production. *Id.*

6

Discovery Dispute

In his mandamus petition, McGee argues the trial court abused its discretion by denying the motion to quash the depositions on written questions because Brooks seeks documents that are protected by the physician-patient privilege, and Brooks failed to establish that the litigation exception to that privilege applies here.

Brooks argues only communications between a licensed physician and the patient fall within the ambit of Rule 509, so that communications between McGee and a nurse or any other non-physician provider of medical services would not be privileged. Brooks contends McGee failed to offer proof that the deposition on written questions required production of communications between a physician and the patient. To determine whether the discovery requests sought physician-patient communications, we need to look no further than Brooks' notices of intention to take deposition by written questions, which asked for "[a]ny and all medical records . . . including but not limited to . . . doctors' records[.]" The discovery request on its face required production of physician-patient communications. We also note that Brooks argues the medical records would be relevant because they might reveal that McGee had a diagnosis of cancer and a prescription for marijuana. Diagnosing medical conditions and prescribing medication are acts of a physician.

McGee argues Brooks failed to establish that the litigation exception applies. Brooks contends that the condition at issue goes to the central issue of "whether

McGee was 'qualified' to drive under the applicable motor carrier regulations[.]" Brooks argues McGee's physical condition is a part of their allegations because to prove their direct negligence and negligent entrustment claims against McGee's employer, they will have to show that McGee was an unlicensed, incompetent, or reckless driver and Cotton knew or should have known by the exercise of reasonable care McGee was incompetent or unfit and thereby created an unreasonable risk of harm to others. Brooks further argues that their gross negligence claims require proof Cotton had actual, subjective awareness that McGee was unfit to drive. According to Brooks, McGee's physical condition—alleged marijuana use—is central to Brooks' case that Cotton knew or should have known that McGee was using marijuana and therefore he was unfit to drive a commercial vehicle. Brooks argues the depositions on written questions were narrowly tailored to expose whether McGee had a disqualifying physical condition—marijuana use—during the period when Cotton employed McGee.

The litigation exception to the physician-patient privilege applies when (1) the evidence sought to be admitted is relevant to the condition at issue; and (2) a party relies on the condition as part of a claim or defense, such that the condition itself is a fact to which substantive law assigns significance. *R.K. v. Ramirez*, 887 S.W.2d 836, 842 (Tex. 1994) (orig. proceeding). "Whether a condition is a part of a claim or defense should be determined on the face of the pleadings, without reference to the

evidence that is allegedly privileged." *Id*. at 843 n.7. An *in camera* inspection may reveal the medical records are irrelevant or unfairly prejudicial, but the nature of the evidence has no bearing on whether the patient's condition, if found, is a fact to which the law assigns significance. *Id*.

If a condition is part of a party's claim or defense, patient records should be revealed only to the extent necessary to provide relevant evidence relating to the condition alleged. *Id*. at 843. "Thus[,] courts reviewing claims of privilege and inspecting records *in camera* should be sure that the request for records and the records disclosed are closely related in time and scope to the claims made [] so as to avoid any unnecessary incursion into private affairs." *Id*. (citation omitted). "[A]ny information not meeting this standard remains privileged and must be redacted or otherwise protected." *Id*.

The parties agree *Ramirez* provides the guiding principle here, but they disagree about whether McGee invoked *Ramirez* in his motion to quash and whether the trial court properly applied it by allowing Brooks to obtain discovery of the entire medical file from a facility where McGee had a medical examination for his commercial driver's license and a facility where McGee may have obtained cancer treatment. They also disagree as to whether the trial court abused its discretion by refusing to examine the documents *in camera*.

9

The Texas Supreme Court's test for the litigation exception to the physician-patient privilege recognizes that "just because a condition may be 'relevant' to a claim or defense does not mean a party 'relies upon the condition as a part of the party's claim or defense.'" *Id.* at 842 (emphasis omitted). "Communications and records should not be subject to discovery if the patient's condition is merely an evidentiary or intermediate issue of fact, rather than an 'ultimate' issue for a claim or defense, or if the condition is merely tangential to a claim rather than 'central' to it." *Id.* "The scope of the exception should be tied in a meaningful way to the legal consequences of the claim or defense. This is accomplished, we believe, by requiring that the patient's condition, to be a 'part' of a claim or defense, must itself be a fact to which the substantive law assigns significance." *Id.* "[A] party cannot truly be said to 'rely' upon a patient's condition, as a legal matter, unless some consequence flows from the existence or non-existence of the condition." *Id.* at 843. Here, while it may be possible that McGee was prescribed marijuana for his cancer treatment, or that he was being treated for marijuana usage, that does not necessarily mean that he was using marijuana while he was driving, or that his prescription would be "of legal consequence to a party's claim or defense." *Id.*; *see also In re Turney*, 525 S.W.3d 832, 838-39 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). The trial court must determine whether the information about marijuana use is not only relevant to a claim or defense but also part of an "'ultimate' issue for a claim or

10

defense, or if the condition is merely tangential to a claim rather than 'central' to it." *Ramirez,* 887 S.W.2d at 842. "The scope of the exception should be tied in a meaningful way to the legal consequences of the claim or defense. This is accomplished, we believe, by requiring that the patient's condition, to be a 'part' of a claim or defense, must itself be a fact to which the substantive law assigns significance." *Id.* "[A] party cannot truly be said to 'rely' upon a patient's condition, as a legal matter, unless some consequence flows from the existence or non-existence of the condition." *Id.*

Although the medical condition Brooks claims to be at issue is McGee's marijuana use, the depositions on written questions were much broader and sought all medical information. The trial court abused its discretion by failing to grant the motion to quash an overly broad request and in failing to conduct an *in camera* inspection of the records to release only those records that pertain to marijuana use, and then only to the extent "marijuana use" by McGee goes to a central question of legal consequence to a party's claim or defense. *See id.* at 842, 844.

Conclusion

Brooks relied on McGee's suspected marijuana use to support their argument that McGee's medical records in the possession of the New Albany and Tupelo medical facilities were an issue in the case. Whether McGee was on marijuana or medication that caused impairment at the time of the accident may be an issue in the

11

case and Brooks would be entitled to records regarding such prescription medications to the extent such use is prohibited for use by CDL holders under federal law. Here, Brooks failed to properly limit the document requests. We hold the trial court abused its discretion by failing to either grant McGee's motion to quash or enter a protective order that limited the document production, and by refusing McGee's request that the trial court conduct an *in camera* inspection of the records.

We are confident the trial court will vacate its order of April 6, 2023, and will either grant the motion to quash or tailor the order to allow discovery of records that pertain to the medical condition at issue in the case and the trial court will examine the records *in camera* to release only records that pertain to marijuana or prohibited drug use. The writ of mandamus shall issue only in the event the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on June 1, 2023
Opinion Delivered August 24, 2023

Before Golemon, C.J., Horton and Johnson, JJ.

12