

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00185-CV

---

IN RE BERTHA ARCE, RELATOR

---

Original Proceeding
Arising From Proceedings Before the 46th District Court
Hardeman County, Texas
Trial Court No. 11529, Honorable Cornell Curtis, Presiding

---

January 31, 2025

## DISSENTING OPINION

### Before PARKER and DOSS and YARBROUGH, JJ.

While I concur with much of the majority's thoughtful analysis, I part ways on two critical points. First, requiring Relator to return to the trial court for reconsideration—when she has already done so once—imposes an unnecessary procedural burden that serves no meaningful purpose. Second, and perhaps more fundamentally, I cannot agree that an appeal provides an adequate remedy under these circumstances. The practical implications of forcing Relator to wait for the appellate process would effectively deny her the very relief she seeks.

Despite the involvement of a potential class action, this original proceeding at its core is simply a discovery dispute in which the responding party lodged a series of "boilerplate" objections and then failed to present any supporting evidence. Accordingly, this original proceeding asks us to determine if the trial court abused its discretion in denying Relator, Bertha Arce, discovery related to her pending motion for class certification. The trial court partially granted Arce's motion to compel discovery from real party in interest, American National Insurance Company ("ANIC") and ordered restricted discovery. Arce complains of the trial court's discovery order and claims the trial court abused its discretion as follows: (1) by precluding or unreasonably limiting the class certification discovery; (2) by refusing to overrule the objections to the discovery requests and compelling responses; (3) by depriving her of class certification discovery that goes to the "heart" of her claims and class certification; (4) the trial court's order impermissibly vitiates her opportunity to present a viable motion for class certification; and (5) the trial court's order entitles her to mandamus relief. Because I conclude the trial court abused its discretion, I would conditionally grant the petition.

Before she is entitled to mandamus relief, Arce must also demonstrate she has no adequate remedy by appeal. ANIC argues Arce has an adequate remedy because she is entitled to an interlocutory appeal in case her pending motion for class certification is denied. Arce responds, without the discovery she requested, including the claim files which demonstrate whether the commonality and typicality of claims for the proposed class exists, she is certain to be unable to prove the four requirements for certification under Rule 42. She also urges she would have an inadequate remedy by appeal because

the discovery will not be part of the record and therefore unreviewable by this Court. The majority agrees with ANIC; I agree with Arce.

Parties are "entitled to full, fair discovery" and to have their cases decided on the merits. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) (citing *Able Supply Co. v. Moye*, 898 S.W.2d 766, 773 (Tex. 1995) (orig. proceeding)). When the denial of discovery prohibits a party from effectively preparing for trial, "[her] remedy by appeal is of doubtful value." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 256 (Tex. 2021) (quoting *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987) (orig. proceeding)). *See also Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding) ("[A]n appeal will not be an adequate remedy where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error."); *accord Able Supply Co.*, 898 S.W.2d at 770–71 (trial court abused its discretion in failing to compel answer to interrogatory without objection from responding party in mass products liability case). Forcing Arce to move forward with her motion for class certification without permitting her to conduct adequate discovery prevents her from assessing the typicality or commonality of claims of the proposed class—because the denied discovery is not part of the record, and the Court would also not be able to review the effect of the denial of discovery on appeal. Under these circumstances, Arce does not have an adequate remedy by appeal. Accordingly, I respectfully dissent.

## BACKGROUND

In January 2017, ANIC issued a life insurance policy to Bertha Arce's son, Sergio Arce, Jr., a month after he completed an application with one of its agents outside a motorcycle shop. The policy named Sergio's mother as the beneficiary. Unfortunately,

3

Sergio died in a car accident thirteen days after the policy was issued. Bertha Arce filed a claim with ANIC for benefits under the life insurance policy, but ANIC denied the claim and stated in a letter the reason for the denial was "misrepresentation." On his application for life insurance, Sergio had answered "no" to a question asking if he had been diagnosed with hepatitis C in the past ten years, but ANIC's review of his medical records revealed he had in fact been diagnosed with hepatitis three years before his application. The denial letter claimed, under its guidelines, ANIC would not have issued the policy had it been aware of Sergio's medical information.[1] Arce originally filed suit against ANIC for breach of contract for failure to pay the policy benefits. Arce later amended her petition to assert a class action.

In the first act of the ensuing litigation, ANIC moved for summary judgment based on Sergio's answer to the hepatitis question on his application. According to ANIC, a discrepancy between an insured's application and his medical records was sufficient evidence of "misrepresentation." It argued the Texas Insurance Code displaced the common law requirement of proof of intent to deceive, known as *scienter*, and a discrepancy between an insured's application and his medical records sufficiently proved "misrepresentation." The trial court agreed and granted summary judgment. Arce appealed to this Court, and we reversed, finding the Insurance Code did not displace the common law requirements. ANIC appealed our decision to the Texas Supreme Court, which affirmed our holding the common law elements of misrepresentation still apply, and the case was remanded to the trial court for further proceedings. *Arce v. Am. Nat'l Ins.*

---

[1] As part of the application, Sergio gave ANIC permission to access his medical records, which is how ANIC was able to perform the review upon the filing of the claim by Arce. There is no indication it did this in the intervening month before issuing the insurance policy.

*Co.*, 633 S.W.3d 228, 230 (Tex. App.—Amarillo 2021), *rev'd in part, aff'd in part, jdmt. entered in part*, 672 S.W.3d 347 (Tex. 2023).[2]

On remand and after conducting preliminary depositions and discovery, Arce determined ANIC potentially engaged in a pattern or practice of denying life insurance claims based solely on discrepancies between the medical records and applications of deceased insureds. She requested discovery from ANIC related to class certification, contemplating a class action for injunctive and declaratory relief.[3] Arce served twenty-four interrogatories and twenty-eight requests for production based on her class certification discovery. ANIC responded only to one interrogatory stating there were over 650 claims it identified in the aggregate amount of $18 million since 2008 which were denied for misrepresentation. It refused to provide any other information or produce any documents, instead asserting several objections and privileges to each request. Arce filed a motion to compel after the parties were unable to resolve their discovery disagreements.

After holding a hearing on Arce's motion to compel, the trial court issued an order partially granting Arce's motion. Although compelling responses from ANIC, the order restricted the scope of Arce's discovery in the following ways:

---

[2] The Texas Supreme Court reversed our judgment only to the extent we reversed the trial court's summary judgment with respect to ANIC's assertion of misrepresentation because we held it did not comply with the 90-day notice requirement of TEX. INS. CODE § 705.005. The Texas Supreme Court reasoned, because Sergio's life insurance policy contained a two-year incontestability clause, the § 705.005 notice provision was inapplicable to ANIC in order to assert its misrepresentation defense. *See* § 705.105. *See also Arce*, 633 S.W.3d at 236–37; *compare Arce* 672 S.W.3d at 360.

[3] TEX. R. CIV. P. 42(b)(2).

- the time period for responsive discovery is reduced from 2008–present to 2017–present;[4]

- for any production, names and identifying information is to be redacted;[5] and

- only every tenth denial letter issued from February 26, 2017, until the present was required to be produced.

In addition, the trial court required the parties to pick a hearing date for Arce's subsequent motion for class certification within 120 days of the order. The court ordered ANIC to respond with supplemental discovery within thirty days, while it ordered Arce to file her motion for class certification within sixty days. The trial court did not expressly rule on ANIC's objections and denied "[a]ll other relief requested in [Arce's] [m]otion to [c]ompel[.]"

Before the deadline for Arce to file her motion for class certification, Arce filed this petition for mandamus.

## STANDARD OF REVIEW

Mandamus relief is appropriate when a petitioner demonstrates a clear abuse of discretion and has no adequate remedy by appeal. *In re Geomet Recycling, LLC*, 578 S.W.3d 82, 91 (Tex. 2019) (citations omitted). Trial courts have broad discretion to decide whether to permit or deny discovery. *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 247 (citing *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 802 (Tex. 2017) (orig. proceeding)).

---

[4] Arce's inclusion of claimants from 2008 in the class was based on ANIC's prior position the Insurance Code changes in 2005 displaced the common law element of intent to deceive. Based on its prior legal contention, ANIC must have denied claims without evidence of intent to deceive since at least 2008 if not 2005.

[5] The trial court added the caveat it wishes to know, for any denial letters produced to Arce, whether the letter was sent to a beneficiary or an attorney representing the beneficiary.

Generally, they abuse that discretion only if their decision is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 247. (quoting *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017)). To demonstrate an abuse of discretion, a party seeking mandamus relief must show the trial court "could have reached only one conclusion and that a contrary finding is thus arbitrary and unreasonable." *Id.* Alternatively, the party may demonstrate that the court erred in "'determining what the law is or applying the law to the facts,' even when the law is unsettled." *Id.*

But not every denial of discovery is sufficient for mandamus review. *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 256. An appellate remedy may not be adequate where (1) an appellate court cannot cure the discovery error, such as when confidential information is erroneously made public, (2) the party's ability to present a viable claim or defense—or reasonable opportunity to develop the merits of the case—is "severely compromised" so that the trial would be a waste of resources, or (3) discovery is disallowed and cannot be made part of the appellate record such that a reviewing court is unable to evaluate the effect of the trial court's error based on the record. *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 256 (citing *Walker v. Packer*, 827 S.W.2d at 843–44). A party's ability to present and develop its case may be severely compromised when the denied discovery goes "to the very heart" of a party's case and prevents it from "developing essential elements" of its claim or defense. *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 256 (citing *Able Supply Co. v. Moye,* 898 S.W.2d at 772).

7

Arce's second issue is dispositive of her petition for writ of mandamus. She complains the trial court abused its discretion by failing to overrule ANIC's objections to her discovery requests and compelling it to make full responses. Arce argues the trial court should have overruled the objections because ANIC failed to present any evidence in support of its objections.[6] I agree.

ANIC asserted numerous objections to each one of Arce's discovery requests, and the trial court's order blanketly sustained all of them.[7] However, ANIC failed to present any evidence in support of its objections in its written responses or at the hearing on Arce's motion to compel. "The party making the objection or asserting the privilege must present any evidence necessary to support the objection or privilege." TEX. R. CIV. P. 193.4(a); *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding)[8]; *Chamberlain v. Cherry*, 818 S.W.2d 201, 207–08 (Tex. App.—Amarillo 1991, no writ). The trial court had no evidentiary basis to sustain any of ANIC's numerous objections. Nonetheless, even without evidence, the trial court could have still sustained ANIC's objections if the requests were overbroad.

Evidence is not necessary when the objection is based on overbreadth. *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d at 804 (citing *In re Union Pac. Res. Co.*, 22 S.W.3d 338, 341

---

[6] Arce also argued the objections were obscured by numerous unfounded objections, effectively waiving all the objections. TEX. R. CIV. P. 193.2(e).

[7] Although not ruling explicitly upon each of the objections, the trial court's order sustained them when it stated "[a]ll other relief requested in [Arce's] [m]otion to [c]ompel is DENIED."

[8] "A party resisting discovery, however, cannot simply make conclusory allegations that the requested discovery is unduly burdensome or unnecessarily harassing."

(Tex. 1999) (orig. proceeding)). In essence, an overbroad discovery request is one that seeks irrelevant information. *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 251–52 (citing *In re Allstate Cnty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding) (per curiam)). But a request is not overbroad simply because it "may call for some information of doubtful relevance," and "the sheer volume of a discovery request does not in itself render the request irrelevant or overbroad as a matter of law." *Id.* (quoting *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding) (per curiam); *In re Alford Chevrolet-Geo*, 997 S.W.2d at 180 n.1). Instead, discovery requests and orders are overbroad if they are not properly "tailored with regard to time, place, or subject matter," or otherwise require production of information that is not reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quoting *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 226 (Tex. 2016) (per curiam); *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 490 (Tex. 2014) (orig. proceeding) (per curiam)). ANIC responded to nearly all of Arce's discovery requests prefaced with an objection the request was overly broad.[9] Thus, we must examine whether her requests were relevant to her claim for class certification to determine if the trial court abused its discretion in sustaining ANIC's overbroad objections.

To succeed in a motion for class certification, Arce must demonstrate the following factors regarding the claims of the class under Rule 42 of the Texas Rules of Civil Procedure:

> (1) numerosity—the class is so numerous that joinder of all members is impracticable; (2) commonality—there are questions of law or fact common to the class; (3) typicality—the claims or defenses of the representative

---

[9] It specifically stated: "ANIC objects to this request as it is overly broad, not limited in geographic scope and seeks information not relevant to the lawsuit or proportional to the needs of the case."

parties are typical of the claims or defenses of the class; and (4) adequacy of representation—the representative parties will fairly and adequately protect the interests of the class.

*Mosaic Baybrook One, L.P. v. Cessor*, 668 S.W.3d 611, 617 (Tex. 2023) (citing *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 438 (Tex. 2007)); *see also* TEX. R. CIV. P. 42(a).

Merits discovery is generally not permitted for class certification unless it is relevant to the Rule 42 requirements for certification. *In re Alford Chevrolet-Geo*, 997 S.W.2d at 183 ("Prior to certification, parties may obtain discovery regarding any matter that is reasonably calculated to lead to the discovery of admissible evidence relevant to class certification."). Evidence is relevant if it has "any tendency" to make "more or less probable" a fact that is "of consequence in determining the action." *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 248 (citing TEX. R. EVID. 401) (quotations orig.). Relevant evidence is generally admissible at trial, while irrelevant evidence is not. *Id.* (citing TEX. R. EVID. 402). But for purposes of pre-trial discovery, evidence is relevant even if it is not admissible at trial, so long as it is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* (citing TEX. R. CIV. P. 192.3(a)) (quotations orig.). Accordingly, only Arce's discovery requests relevant to the Rule 42 requirements were within the scope of discovery.

Examining her discovery requests, most of the requests are related to the requirements for class certification. However, some of her requests go only to the merits of her class claim rather than the issue of certification. The following discovery requests do not appear to be relevant to the issues of numerosity, commonality, typicality, or adequacy of representation:

- Interrogatory No. 2 requested the name and contact information for each ANIC representative who investigated and handled the claims denied for misrepresentation;

- Interrogatory No. 3 asked for a description of the training ANIC representatives received for investigation of life insurance claims during the class period;

- Interrogatory No. 17 requested the identification of all other legal proceedings related to ANIC's denial of claims on the basis of misrepresentation;

- Interrogatory No. 18 asked for a description of each of the other legal proceedings requested in Interrogatory No. 17, including subject matter, name and contact information for all the parties, and the disposition of the case;

- Interrogatory No. 21 asked for the name and contact information for all ANIC representatives who were licensed insurance adjusters during the class period;

- Interrogatory No. 22 requested the yearly profit and loss for ANIC during the class period;

- Interrogatory No. 23 asked for a description of ANIC's internal audit and analysis procedures for review of life insurance claims decisions during the class period;

- Interrogatory No. 24 asked for an explanation of ANIC's internal performance evaluations for employees who handle life insurance claims;

- Production Request No. 1 requested copies of pleadings filed by ANIC in proceedings in which it claimed an insured committed misrepresentation;

- Production Request No. 2 asked for organizational charts for ANIC;

- Production Request No. 3 requested documentation of ANIC's document retention policies;

- Production Request No. 5 requested claims audit documentation;

- Production Request No. 7 asked for personnel files for ANIC representatives handling life insurance claims during the class period;

11

- Production Request No. 21 requested documents relied on for answering Interrogatory No. 18;

- Production Request No. 24 requested documents relied upon for answering Interrogatory No. 21;

- Production Request No. 25 requested documents relied upon for answering Interrogatory No. 23; and

- Production Request Nos. 26–28 requested documentation for Interrogatory Nos. 26–28, interrogatories which were never served.

The above discovery requests are not reasonably calculated to lead to admissible evidence relevant to the Rule 42 requirements for class certification. To the extent the trial court sustained ANIC's overbroad objections to the above requests, it did not abuse its discretion. For all of Arce's other discovery requests, however, the trial court did not have a valid basis for sustaining any of ANIC's objections, and the trial court could have reached but one conclusion: overrule ANIC's remaining objections and compel discovery.[10] *Id.* at 247. The following discovery is relevant to class certification and the objections should be overruled:

- Interrogatory No. 1 requested the number of life insurance claims denied during the class period on the basis of misrepresentation and the total dollar amount of the benefits involved;[11]

- Interrogatory No. 4 inquired about ANIC's factual and legal contentions for why the requirement of commonality for class certification cannot be met;

---

[10] I note the trial court compelled ANIC to respond to Interrogatory Nos. 4–9, and 11, but it limited the response to factual contentions only. However, interrogatories may be used to discover "a specific legal or factual contention" and "the legal theories [and] in general the factual bases for the party's claims or defenses." TEX. R. CIV. P. 197.1. The restriction to only factual matters was arbitrary, and the trial court should compel ANIC to fully respond in addition to overruling ANIC's objections.

[11] ANIC responded to this request, and the trial court need not compel a response.

12

- Interrogatory No. 5 inquired about ANIC's factual and legal contentions for why the requirement of predominance for class certification cannot be met;

- Interrogatory No. 6 inquired about ANIC's factual and legal contentions for why the requirement of superiority for class certification cannot be met;

- Interrogatory No. 7 inquired about ANIC's factual and legal contentions for why the requirement of typicality for class certification cannot be met;

- Interrogatory No. 8 requested ANIC's factual and legal contentions for why Arce is not an adequate class representative;

- Interrogatory No. 9 asked for ANIC's factual and legal contentions as to why Arce's counsel should not be appointed counsel for the class;

- Interrogatory No. 10 requested ANIC to identify issues which it believes will be the object of most of the parties' and court's efforts;

- Interrogatory No. 11 inquired about ANIC's factual and legal contentions for why the requirement of cohesiveness for class certification cannot be met;

- Interrogatory No. 12 inquired about the witnesses ANIC may call regarding class certification and a description of the testimony provided by these witnesses;

- Interrogatory No. 13 asked about any computer programs which can access various claims information electronically;[12]

- Interrogatory No. 14 requested the identification of guidelines, manuals, policies, rules, regulations, and directives for the denial of claims on the basis of misrepresentation;[13]

- Interrogatory No. 15 asked whether ANIC relied on any materials other than medical records and an insured's application for denial of a claim on the basis of misrepresentation;[14]

---

[12] Of the five subparts to this interrogatory, ANIC only answered subparts 1–4. The trial court should compel a response to subpart 5, which asks if ANIC has the ability to create a program/software which is able to provide information related to claims.

[13] ANIC answered by identifying bates stamp numbers for responsive documents. The trial court need not compel an answer to this interrogatory, only overrule the objections.

[14] ANIC answered this interrogatory, and the trial court need not compel a response.

13

- Interrogatory No. 16 asked for a description of the policies, procedures, and directives of ANIC for conducting an investigation of a life insurance claim during the class period;

- Interrogatory No. 19 requested the identification of persons with knowledge about ANIC's use of the misrepresentation defense during the class period;

- Interrogatory No. 20 asked for an explanation of ANIC's underwriting process during the class period;

- Production Request No. 4 requested copies of ANIC documents regarding claims handling and determination of claims during the class period;

- Production Request No. 6 sought claim files for claims denied on the basis of misrepresentation;[15]

- Production Request No. 8 requested the documents which ANIC relied upon in answering Interrogatory No. 1;[16] and

- Production Request Nos. 10–20, 22, and 23, which collectively sought the documents relied on for answering Interrogatory Nos. 5–13, 15, 16, 19, and 20;

Notably, ANIC did not argue any of its objections to discovery in its response to Arce's motion. Instead, it chose to argue discovery should be denied because the motion for class certification—which has yet to be filed—could not be granted. Based on the fact the life insurance application responses and medical records for each of its insureds is different, it concluded Arce will not be able to establish the typicality and commonality requirements for class certification, and therefore discovery would be a wasteful exercise.

---

[15] The trial court compelled a response to this discovery, but restricted the date of responsive documents to February 26, 2017, to present and compelled the production of only every tenth such document. These restrictions have no basis in the record and are arbitrary.

[16] The trial court compelled a response to this discovery under the same conditions for Production Request No. 6. *See supra* fn. 15.

14

ANIC reiterated this argument at the hearing on the motion. It also urged the statute of limitations prevented the class certification from including persons with claims arising before 2015, something it articulated in its objections to Arce's discovery. However, not only did ANIC not offer any evidence in support of these arguments, it also did not file a motion for special exceptions, motion for summary judgment, or any other dispositive or directive motion allowing the court to make a ruling to limit the class or dispose of the class claim altogether. *See generally In re Shipman*, 540 S.W.3d 562, 569–70 (Tex. 2018) (trial court granting more discovery relief than requested was error). Instead, ANIC chose to put the proverbial "cart before the horse" and argued the merits of certification as a rationale for denying Arce's discovery. ANIC urged a tautology to justify denial of Arce's discovery, to paraphrase: the discovery sought demonstrates the claims of the proposed class are too disparate for certification, therefore the discovery should be denied. I am skeptical of this reasoning, and the trial court also could not make a merits determination on certification without Arce having filed a motion, which she has yet to do. With no motions or evidence before the trial court, it had no basis to limit the scope of discovery based on ANIC's merits arguments. The trial court therefore abused its discretion in failing to compel the discovery responses sought by Arce.

However, before she is entitled to mandamus relief, Arce must also demonstrate she has no adequate remedy by appeal. *In re Geomet Recycling, LLC*, 578 S.W.3d at 91. ANIC argues Arce has an adequate remedy because she is entitled to an interlocutory appeal in case her pending motion for class certification is denied. Arce responds, without the discovery she requested, including the claim files which demonstrate whether the commonality and typicality of claims for the proposed class exists, she is certain to be

15

unable to prove the four requirements for certification under Rule 42. She also urges she would have an inadequate remedy by appeal because the discovery will not be part of the record and therefore unreviewable by this Court. The majority agrees with ANIC; I agree with Arce.

Parties are "entitled to full, fair discovery" and to have their cases decided on the merits. *Ford Motor Co.*, 279 S.W.3d at 663 (citing *Able Supply Co.*, 898 S.W.2d at 773). When the denial of discovery prohibits a party from effectively preparing for trial, "[her] remedy by appeal is of doubtful value." *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 256 (quoting *Garcia*, 734 S.W.2d at 345). *See also Walker*, 827 S.W.2d at 843 ("[A]n appeal will not be an adequate remedy where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error."); *accord Able Supply Co.*, 898 S.W.2d at 770–71 (trial court abused its discretion in failing to compel answer to interrogatory without objection from responding party in mass products liability case). Forcing Arce to move forward with her motion for class certification without permitting her to conduct adequate discovery prevents her from assessing the typicality or commonality of claims of the proposed class[17]—because the denied discovery is not part of the record, and the Court would also not be able to review the effect of the denial of discovery on appeal. *Id.* Under these circumstances, Arce does not have an adequate remedy by appeal.

I conclude the trial court abused its discretion in issuing its discovery order compelling only arbitrarily limited discovery. I also conclude Arce has no adequate

---

[17] I acknowledge, as ANIC argues, the evidence may not support the class. However, as I stated above, ANIC does not get to solely make the decision of whether the evidence supports the class certification; that is for the trial court to decide after an adequate review of the available evidence.

16

remedy by appeal.  Therefore, she is entitled to mandamus relief and her petition should be granted.[18]

## CONCLUSION

I would hold the trial court abused its discretion and Arce has no adequate remedy by appeal.  Accordingly, I would conditionally grant her petition for writ of mandamus and direct the trial court to vacate its order on Arce's motion to compel signed on March 25, 2024.  I would further direct the trial court to consider and rule specifically upon the objections lodged by ANIC, and to overrule all objections for which ANIC failed to provide any supporting evidence.  Based on its rulings on ANIC's objections and considering the adequacy of any responses provided, the trial court should compel ANIC to fully respond to those of Arce's discovery requests which are reasonably calculated to lead to admissible evidence relevant to class certification.


Alex Yarbrough
Justice

---

[18] Because I conclude mandamus should issue, I do not reach the remainder of Arce's issues. TEX. R. APP. P. 47.1.

17